### In re J. W. LAVERY & SON.

(District Court, D. Massachusetts. August 30, 1916.)

No. 20338.

BANKRUPTCY ⬤═92—INVOLUNTARY PETITION—DISMISSAL.

The alleged bankrupt is not entitled as of right to dismissal of the involuntary petition in bankruptcy against him, though neither of the petitioning creditors appear to press it, as rights of other creditors may be affected thereby, the principal petitioning creditor having, contrary to the spirit of Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 (Comp. St. 1913, § 9595), after the filing of the petition, brought suit and recovered judgment on his claim in a state court, without any suggestion of the bankruptcy proceeding, and this having been paid; as, in case of adjudication of bankruptcy, the estate is to be liquidated as of the date of the filing of the petition.

[Ed. Note.—For other cases see Bankruptcy, Cent. Dig. §§ 107, 108, 133–136; Dec. Dig. ⬤═92.]

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of J. W. Lavery & Son, alleged bankrupts. Dismissal of involuntary petition denied.

Stoneman, Gould & Stoneman, of Boston, Mass., for petitioning creditors.

Dolan, Morson & Stebbins, of Boston, Mass., for alleged bankrupts.

MORTON, District Judge. This involuntary petition has been pending since January 9, 1914. The respondents answered on March 23, 1914, denying the commission of the acts of bankruptcy alleged in the petition, denying insolvency, and denying that the petitioning creditors had provable claims to the amount of $500. A trial by jury was claimed, but was subsequently waived. Nothing was done by the parties to bring the case to a hearing. In April, 1916, the referee to whom it had been referred assigned it for hearing in order to clear the docket.

From the referee's report it appears that, subsequent to the filing of the bankruptcy petition, the principal petitioning creditor brought suit against the bankrupts in the state court and recovered judgment there upon the very claim upon which it had proceeded in the bankruptcy petition, that this judgment has been satisfied in full, and that said petitioner does not desire to press the petition. Neither of the other petitioning creditors appeared to do so. The respondents have always resisted the bankruptcy proceedings, and now contend that they are entitled as of right to have the petition dismissed.

The Bankruptcy Act explicitly provides that:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition." Section 11.

This does not in terms cover suits begun after the filing of the petition; but it is obvious that such suits, in so far as they interfere with the bankruptcy administration, are inconsistent with its exclusive jurisdiction, and it is settled that when they do interfere they will be enjoined. Eastern Com. & Imp. Co. (D. C. Mass.) 129 Fed. 847; Remington on Bankruptcy (2d Ed.) § 359.

The plaintiffs in the action at law had alleged under oath in the bankruptcy proceedings that their debtor was insolvent and had committed acts of bankruptcy. On their own statements, they were, in effect, endeavoring to obtain a preference, and if an adjudication should be made have succeeded in doing so. See section 60a (Comp. St. 1913, § 9644).

It has been said as to third parties proceeding in this way against an alleged bankrupt that:

"Those who deal with bankrupts' property in the interval between the filing of the petition and the final adjudication do so at their peril, * * * and the moment it was suggested * * * that proceedings had been instituted in this court it was his duty to have paused, and ascertained the status of the matter." Adams, J., in Re Krinsky Bros. (D. C. N. Y.) 112 Fed. 972, 7 Am. Bankr. Rep. 535.

The bankrupts' estate will be liquidated, in case of adjudication, as of the date when the petition was filed. Since then their property

has, broadly speaking, been under the control of the bankruptcy court, pending the determination of the petition. This is a consequence of the in rem character of bankruptcy proceedings and is well established. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275; Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305. The respondents probably had the right to dispose of their property, bona fide, for fair consideration, in the ordinary course of business. In re Smith (D. C.) 113 Fed. 993. Beyond that they acted at their peril.

By permitting the action at law to go to judgment without suggesting the pendency of bankruptcy proceedings against them, they became at least assenting parties to what may in the event of adjudication be an unauthorized distribution of their estate. If the payment of the judgment was received with the intent on the part of the petitioning creditor to take no further action on the bankruptcy petition, it is a serious question whether the offense denounced by section 29b4 (Comp. St. 1913, § 9613) was not committed. After the filing of the petition, the alleged bankrupts had no right to use their property for that purpose, or to suffer it to be so taken as to accomplish that result.

It is clear that the rights of other creditors may be affected by the dismissal of this petition. The respondents are not, under these circumstances, entitled to have it dismissed as of right. They are directed to file within 10 days from this date a full and complete list of their creditors as of January 9, 1914, the date when the petition was filed.