**THOMAS v. TEXAS & N. O. R. CO.**

No. 9563.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1941.

Rehearing Denied April 2, 1941.

R. F. Roberts, of Beaumont, Tex., for appellant.

C. T. Duff, of Beaumont, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant sued the appellee in the state court for a sum of money alleged to be due him under Award No. 348 of the Railway Labor Board. In the alternative, the appellant claimed wages for services rendered by him for appellee as its agent and telegraph operator. Both parties are citizens of the State of Texas.

The case was removed to the federal court, presumably on the ground that it presented a federal question under the Railway Labor Act of 1934,[1] but neither the petition to remove nor the order of removal is contained in the transcript. The court below dismissed the suit in so far as appellant sought to recover by reason of Award No. 348 made by the Adjustment Board under said act. In so far as the appellant claimed an alternative right of recovery independently of said award, the court remanded the cause to the state court. From the order of remand, no appeal was taken, as the same was not appealable; but this appeal was taken from the judgment of dismissal of the claim for damages by reason of said award.[2]

The court below apparently dismissed the suit because the plaintiff was endeavoring to enforce, as an individual right, a claim which was based upon an agreement made for him by the union, an award

[1] 45 U.S.C.A. § 153.

[2] Cf. Waco v. United States F. & G. Co., 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244.

procured for him by the union, and which was relinquished by the union against his individual interests. The idea of the court below was that appellant could not accept the benefits flowing from union representation without enduring the detriments as well. We think the court did not err in dismissing the claim under the award, because the award alone does not confer a right of action. This award was not followed by an order of the Board, directed to the employer, commanding payment. The pleadings affirmatively show that such an order was never issued. By the clear terms of the act,[3] the issuance of an order and a refusal of compliance therewith must take place before the United States District Court has jurisdiction to entertain a suit for the enforcement of the award made.[4]

The judgment of the district court is affirmed.

[3] 45 U.S.C.A. § 153 (o) (p).

[4] Smith v. T. & N. O. R. Co., D.C., 32 F.Supp. 1013.