**THOMAS v. TEXAS & N. O. R. CO.**

No. 3941.

Court of Civil Appeals of Texas. Beaumont.

Feb. 20, 1942.

Rehearing Denied March 4, 1942.

R. F. Roberts, of Beaumont, for appellant.

C. T. Duff and Robert H. Park, both of Beaumont, and Baker, Botts, Andrews & Wharton, and Tom M. Davis, all of Houston, for appellee.

WALKER, Chief Justice.

This suit was originally filed in the district court of Tyler County on the 19th day of February, 1938, by M. M. Thomas against appellee, Texas & New Orleans Railroad Company, for damages under his contract of employment with appellee as its station agent at Colmesneil from November, 1931 to May, 1934. On March 14, 1938, the case was removed, on petition and bond filed by appellee, to the United States District Court for the Eastern District of Texas. Thomas' cause of action was based, primarily, on the theory that appellee had breached and had failed to comply with Award No. 348 of the National Railroad Adjustment Board, under the Railway Labor Act of 1934, 45 U.S.C.A. § 151 et seq., to Thomas' damage in the sum of $6,412.23, with interest. The following judgment was entered by the Federal Court:

"On the 9th day of November, A. D. 1939, came on to be heard the motion of defendant, Texas & New Orleans Railroad Company, to dismiss this suit, in so far as plaintiff sought to recover any sum or sums of money by reason of Award No. 348 made by the National Railroad Adjustment Board, under the Railway Labor Act of 1934, and the Court having taken same under advisement until this the 4th day of March, A. D. 1940, and being of the opinion that said motion should be granted, does hereby sustain same:

"It is therefore Ordered, Adjudged and Decreed that so much of plaintiff's petition as seeks to recover damage, salary or back pay by reason of Award No. 348 of the National Railroad Adjustment Board, under the Railway Labor Act of 1934, be and the same is hereby dismissed, said dismissal being with prejudice to plaintiff's right to refile this suit in so far as any claim under said Award No. 348 of the National Railroad Adjustment Board, under the Railway Labor Act of 1934, is concerned, to which the plaintiff in open Court excepted and gave notice in open Court of appeal to the Circuit Court of Appeals for the Fifth Circuit, at New Orleans.

"And it further appearing to the Court that the plaintiff in his suit herein is claiming a further right of recovery of damage,

independently of the award made by said Board under the Railway Labor Act of 1934 and that this Court is without jurisdiction to determine said issues, so much of said suit as attempts to recover damages, salary or a money award independently of the plaintiff's claimed right under said award, under the Railway Labor Act of 1934, is hereby remanded to the District Court of Tyler County, Texas, provided, however, that this order remanding said cause is suspended and to remain inoperative pending an appeal from this order of dismissal.

"Randolph Bryant,
"Judge."

Thomas perfected his appeal from the judgment of the district court to the Circuit Court of Appeals, where it was affirmed. Thomas v. Texas & N. O. R. Co., 5 Cir., 118 F.2d 75. While the case was pending on the docket of the Federal Court, Thomas died, and after his death appellants, his widow, Lorena Holloway Thomas, individually, and as next friend of Hazel Laverne Thomas and Teddy Ray Thomas, minors, were made parties plaintiff, and on the judgment of the Federal Court and to the extent indicated therein, the cause of action was remanded back to the district court of Tyler County. On the 17th day of March, 1941, appellants filed their second amended original petition in the district court of Tyler County. Pleading their cause of action again, primarily, on Award No. 348; as an alternative ground of relief they prayed for judgment for damages on the theory that appellee had breached its contract of employment with M. M. Thomas. Appellee answered by demurrers, general denial, pleas of res adjudicata, etc. On trial to the court without a jury, judgment was for appellee that appellants take nothing, from which they prosecuted their appeal to this court.

In support of its judgment, the trial court filed conclusions of fact and law, from which we make the above statement; the court found the following additional facts:

"5. M. M. Thomas, the husband and father of the substituted plaintiffs, on or about the first day of November, 1931, made application to the Texas & New Orleans Railroad Company for the position of non-telegrapher agent at the station of Colmesneil; that this application so made was accepted by the Texas & New Orleans Railroad Company and the said M. M. Thomas was employed at said station of Colmesneil from sometime in November, 1931 until May, 1934, at the monthly salary of Seventy-five ($75.00) Dollars.

"6. That during the period of Thomas' employment at the station of Colmesneil, he was paid Seventy-five ($75.00) Dollars each and every month that he worked there and that this payment was in accordance with his application of employment and the acceptance of same by the railroad."

"Conclusions of Law

"1. I conclude, as a matter of law, that the plaintiffs have failed to establish any contract of employment between the decedent, M. M. Thomas, and defendant, Texas & New Orleans Railroad Company, which has been violated by the defendant.

"2. I conclude, as a matter of law, that all matters in connection with the award of the Railroad Labor Board and the rights of the parties thereunder have been finally adjudicated by the judgment rendered in this cause in the Federal Court."

■ As we understand appellants' brief, assignments of error 1 to 12, inclusive, are based upon the refusal of the court to give them a judgment on Award No. 348; their contention being that for the reasons set out in these assignments, appellee "ratified and acquiesced in, and is equitably estopped from contesting Award No. 348"; the point is also made that appellee, on the undisputed facts, voluntarily submitted its side of the controversy to the Board and thereby, "accepted the terms of the award." Clearly, appellants' rights, if any they ever had in Award No. 348, were adjudicated against them by the judgment of the Federal Court, and the trial court so held.

■ We construe assignments of error Nos. 13 to 16, inclusive, as presenting points under appellants' theory that appellee breached its contract of employment with M. M. Thomas. By conclusions of fact 5 and 6, copied above, the court found the facts of this issue against appellants, and by conclusion of law No. 1 correctly announced the law of the facts so found, that appellants had "failed to establish any contract of employment between the decedent, M. M. Thomas, and defendant, Texas & New Orleans Railroad Company, which has been violated by the defendant."

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.