## ALABAMA STATE FEDERATION OF LABOR v. KURN et al.

### No. 5288.

District Court, N. D. Alabama, S. D.

Sept. 8, 1942.

John L. Busby, of Birmingham, Ala., for plaintiff.

Cabaniss & Johnston and Lucien D. Gardner, Jr., all of Birmingham, Ala., for defendants.

MURPHREE, District Judge.

This action is brought to enforce an order of the National Railroad Adjustment Board (hereinafter referred to as the Board), as provided in the Railway Labor Act, 45 U.S.C.A., § 153(p) et seq. The facts stated in the complaint as the basis for this relief are that plaintiff Salter was discharged from the service of "Defendant Company" after becoming a member of a certain union, and that thereafter the Board made an award and order that "Defendant Carrier" restore Salter to service and compensate him for time lost less compensation received in other employment, a copy of the said award, order and an opinion upon which they were based being attached to and incorporated in the complaint. The award, order and opinion disclose that the proceedings before the Board were not against the present defendants in this Court, but were

against the St. Louis-San Francisco Railway Company itself.

The defendants have filed an answer, the first defense of which is that: "The complaint fails to state a claim against defendants upon which relief can be granted." This is verbatim the first defense set out in official form 20, appended to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The note following official form 20 states: "The first defense raises the legal sufficiency of the complaint. Its effect is equivalent to a general demurrer or a motion to dismiss."

We will, therefore, consider this defense as a motion to dismiss because of such legal insufficiencies as appear on the face of the complaint.

The defendants have directed the attention of the Court to two such legal insufficiencies. One is the failure of the complaint to allege a causal connection between Salter's affiliation with the labor union and his discharge. In this respect the complaint is deficient. It is not enough that the annexed award, order and opinion of the Board disclose what undoubtedly is the basis of plaintiff's claim for relief —the complaint itself must state "the causes for which he claims relief", by the terms of the Railway Labor Act itself. See System Federation v. Louisiana & A. Ry. Co., D.C.La.1940, 30 F.Supp. 909.

However, this defect in the complaint is probably not fatal because an amendment could easily be framed to assert a causal connection between union affiliation and discharge.

The same is not true of the other defect urged by defendants. While this action is brought against "J. M. Kurn and John G. Lonsdale as Trustees for St. Louis-San Francisco Railway Company", the complaint discloses, especially by its exhibits, that the proceedings before the Board were against the "St. Louis-San Francisco Railway Company." No justification for this variance appears in the complaint. It is the rule, as stated in 2 Remington on Bankruptcy, § 1386, that "A suit brought against the bankrupt after adjudication will not bind the trustee, who was not a party thereto * * *". Citing: Hull v. Burr, 61 Fla. 625, 55 So. 852; In re Lavery & Son, D.C.Mass.1916, 235 F. 910.

Construing the complaint against the pleader, and indeed in the most reasonable manner, we can only conclude that the proceedings before the Board fall within this rule, and the trustees defendant to the present action are not bound by the proceedings before the Board. Since by the terms of the Act itself, proceedings against a carrier are not authorized in this Court unless an order of the Board against that carrier has previously been made by the Board, the proceedings against the trustees are not authorized here, there having been no effective order against them by the Board.

An order will be entered dismissing the proceedings.