INTERNATIONAL UNION UNITED AUTO-
MOBILE AIRCRAFT & AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA
v. DELTA AIR LINES, Inc.

Civ. A. No. 3398.

United States District Court
N. D. Georgia, Atlanta Division.

Feb. 2, 1949.

Poole, Pearce & Hall and C. E. Gregory, Jr., all of Atlanta, Ga., for plaintiff.

Powell, Goldstein, Frazer & Murphy, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

The issues here presented are of the kind which require consideration of the nature of the controversy before the question of jurisdiction may be determined. In such instances, a conclusion is sometimes reached as to the merits which render unnecessary a full determination of the jurisdictional question. The present is such an instance.

Regardless of the question of jurisdiction, the contention of the complaint essential to the maintenance of the suit, is that the provisions of paragraph 35 of the contract create "a system adjustment board" for the air carrier and its employees such as is required by the terms of Title 45 U.S.C.A. § 184. This contention can not be sustained. By its terms, Section 34 of the contract, and not Section 35, more nearly approaches the true constitution and function of the adjustment board provided by Section 153 of Title 45 U.S.C.A., which is by Section 184 made applicable to the air carriers and their employees. The arbi-

tration provisions of Section 35 of the contract are very similar to the arbitration provisions of Section 157 of the Railway Labor Act except for the most material difference that under Section 157 arbitration is not compulsory under the statute. In any event, Section 35 of the contract properly can not be held to be the "adjustment board" required by Section 184, supra. It will not do for the complainant to proceed to combine the requirement of Section 153 as to the appointment of boards of adjustment with the contractual provisions for arbitration, and thereby secure a binding ipso facto award where no such obligation exists under the terms of the Railway Labor Act. Therefore, whether the employer did refuse to set up a system adjustment board or not, certain it is that the provisions of the contract with reference to arbitration can not properly be construed to establish such a board of adjustment, relating as it does expressly to a board of arbitration. The underlying prayer of the complainant is for judgment "that section 35 of said agreement constitutes a system adjustment board pursuant to 45 U.S.C.A. § 184," etc., and neither the facts nor the law authorizing such relief, it is clear that the complainant seeking a declaratory judgment to this effect should be denied.

 There remains, however, the question of damages. The complainant is an unincorporated association. Any claim for damages can only arise from establishment of a breach of the contract, and upon this feature of the case, no federal question of any kind is involved, and the suit therefore is predicated only upon the ground of diversity of citizenship. So far as damages are concerned, the claim sought to be enforced is not "a substantive right existing under the Constitution or laws of the United States," so as to come within the provisions of Section 17(b) of the Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A. Thus the situation is that the capacity of the complainant to sue is to be determined by the law of the State of Georgia, as provided by Rule 17(b), supra. In the absence of a showing that the complainant has complied with the statutes of Georgia, Georgia Code, 1933, § 22-414, the complainant shows no capacity under the laws of Georgia to sue. O'Jay Spread Company v. Hicks, 185 Ga. 507, 195 S.E. 564; Smith v. International Ladies Garment Workers Union, 58 Ga.App. 26, 197 S.E. 349.

With these two questions out of the case, there is no proper basis for the further declaratory judgment as prayed.

In the view which the Court takes of the matter, there is no reason for any discussion of the other questions involved, as the above are controlling and require the dismissal of the complaint.

It is therefore considered, ordered and adjudged that the motion to dismiss be, and the same hereby is, granted, and the complaint dismissed.