## SMITH v. LOUISVILLE & NASH-VILLE R. CO.

No. 1169.

United States District Court
S. D. Alabama, Southern Division.

May 26, 1953.

Albert S. Gaston, of McAleer & Gaston, Mobile, Ala., for plaintiff.

C. B. Arendall Jr., of Smith, Hand, Arendall & Bedsole, Mobile, Ala., for defendant.

THOMAS, District Judge.

This case is under submission on defendant's motion for summary judgment.

Plaintiff is seeking to enforce an alleged award issued by the National Railroad Adjustment Board arising out of the discharge of the plaintiff by the defendant. In case of non-compliance by the carrier with an order of the Board, jurisdiction to entertain an action by the employee to compel enforcement thereof is conferred upon the District Court by virtue of 45 U.S.C.A. § 153(p). In order to quicken such jurisdiction, the provisions set forth in section 153 must have been complied with. In the absence of such compliance, jurisdiction is found wanting.

█ The present case finds jurisdiction lacking in that the purported award is not an award as required by the Railway Labor Act.[1]

Section 153(m) states, " * * * the awards shall be final and binding upon both parties to the dispute * * *." Paragraph (p) provides that the findings and order of the Board shall be prima facie evidence of the facts therein stated.

█ An award by the Board is presumed correct unless the contrary be shown by the carrier. Evidently, if an award is to be granted this dignity, it must establish definite rights between the parties. If the award is to establish the prima facie case of the plaintiff, it must show that the plaintiff is entitled to relief. In order to perform this task, the award must be affirmative—it must either deny or sustain the plaintiff's claim. That this is not done by the award in question is obvious.

Strong conflict prevailed concerning the physical condition of the plaintiff in the hearing before the Board. The Board issued an award in the alternative, the claim to be denied or sustained, such disposition to be based upon the finding of a neutral physician as to whether the plaintiff had epilepsy. Upon completion of the examination, the neutral physician determined that it was unlikely that the plaintiff had epilepsy; but that due to the probability of transitory lapses or loss of consciousness, the plaintiff should not engage in work which would entail any element of physical hazard. On the basis of this report, the

[1] National Railroad Adjustment Board
Second Division
Award No. 1532
Docket No. 1433

* * * * *
Findings:
* * * * *

In the face of the foregoing facts, most of which, if not all, were known at the time of its action, we think that it cannot be said the carrier accorded claimant just treatment when it disqualified him without affording him an opportunity for further examination. On the other hand it must be admitted there was sufficient evidence to put it on guard and warrant investigation. Likewise conceded that if claimant was afflicted with epilepsy its action was proper and should be upheld. Under such circumstances we believe the fair and proper thing to do is to remand the claim with directions that the claimant be examined by a neutral physician, to be agreed upon between the parties if possible, to determine whether he has epilepsy. In the event of a negative finding the claim will stand allowed. In case of an affirmative finding, or if based on history and physical examination such physician certifies he is unable to determine the question, the claim will stand denied.

If the parties are unable to agree on a neutral physician within thirty days from the date of the adoption of this Award then each party, at its own expense, shall choose a neutral physician and the two so selected shall choose a third, whose fee shall be paid by the parties. A decision by a majority of these three physicians on the question for which the cause is remanded shall be final and have the same force and effect as if it had been determined by one physician in the manner heretofore indicated.

Award

Claim remanded for disposition in accord with the findings.

National Railroad Adjustment Board
By Order of Second Division

plaintiff takes the position that the award was rendered in his favor and should be enforced; the defendant contends that the claim was denied.

It was the duty of the Board to take into consideration this report and all other pertinent evidence bearing upon the dismissal of the plaintiff and to determine therefrom whether such dismissal was, or was not, justified. Thereafter an award should have been rendered either sustaining or denying the plaintiff's claim.

The purported award, No. 1532, of February 25, 1952, is in the alternative. It neither denies nor sustains the claim alleged by the plaintiff.

The federal courts are required to determine the question of jurisdiction, even though such question is not raised by the litigants. Should the court find that it does not have jurisdiction, the action is to be dismissed.

The court does not have jurisdiction of the action here because the conditions precedent to jurisdiction do not exist. 45 U.S.C.A. § 153. As the case is improperly before the court, defendant's motion for summary judgment will be denied and the case will be dismissed without prejudice to the plaintiff to take further action to have an appropriate award rendered by the Board.