F. J. GUNTHER, Petitioner,

v.

SAN DIEGO & ARIZONA EASTERN RAILWAY COMPANY, a corporation, Defendant.

Civ. No. 2080.

United States District Court
S. D. California, S. D.

April 15, 1958.

Hildebrand, Bills & McLeod, Oakland, Cal., Charles W. Decker, San Francisco, Cal., for petitioner.

Gray, Cary, Ames & Frye, James W. Archer, Eugene L. Freeland, San Diego, Cal., Burton Mason, W. A. Gregory, Harold S. Lentz, San Francisco, Cal., for defendant.

WEINBERGER, District Judge.

Plaintiff has asked this Court for an order (1) "enforcing the award and order of the National Railroad Adjustment Board, First Division, in said Adjustment Board proceeding, Docket No. 33–531," (2) "For an order of this Court requiring defendant to reinstate petitioner to active service on the 'run' to which his seniority entitles him under said Agreement," (3) "For damages in the amount required to compensate petitioner for wages and other monetary contractual benefits lost by reason of the premises,"

Plaintiff alleges jurisdiction of this Court exists under the provisions of 45 U.S.C.A. § 153(p), and this appears to be the sole ground upon which jurisdiction is urged.

Subsection (o) of said section provides that in case of an award by the Board in favor of petitioner, the division "shall make an order, directed to the carrier, to make the award effective" and subsection (p) provides that "if a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner * * may file in the District Court of the United States * * * a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board * * *". The subsection further provides that "on the trial of such suit the findings and order of the division * * shall be prima facie evidence of the facts therein stated * * *". "The district courts are empowered, * * * to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board."

The complaint sets forth in full the "findings, award and order" of the Board, as Exhibit "A"; in effect the findings recite that shortly after his 71st birthday plaintiff was disqualified from service by the company's chief surgeon on the basis of a physical examination by a company physician and that later, the carrier's chief surgeon, after an examination, determined that plaintiff should not be returned to service. The plaintiff was then examined by another physician of his own choosing, and appealed to the Board for reinstatement with seniority rights unimpaired and pay for all time lost.

The Board stated:

"Since determination of the facts necessary to enable the Division to make proper award on such issue requires expert medical competence, it

has not been unusual, where adequate showing has been made of ground for challenge of carrier's decision, for the Division to provide for a neutral board of three qualified physicians, one chosen by carrier and one by the employee and the third by the two so selected, for the purpose of determining the facts as to a claimant's disability and the propriety of his removal from service. *In such case the Division predicates its award upon the findings of the board of physicians."* (Emphasis supplied.)

The findings continue:

"While the statement of claimant's physician now submitted is generally equivocal we think that when considered in connection with his prior report and that of carrier's medical superintendent, it discloses sufficient substantial disagreement as to claimant's physical condition to justify further check up and inquiry by such a neutral board of physicians.

"If the decision of the majority of such board shall support the decision of carrier's chief surgeon the claim will be denied; if not, it will be sustained with pay pursuant to rule on the property from October 15, 1955, the date of the letter of Dr. Hall showing disagreement with the findings of disqualification by the company physicians.

"Award: Claim disposed of per findings."

■ The Act creating the National Railroad Adjustment Board represents a considered effort on the part of Congress to provide effective and desirable administrative remedies for adjustment of railroad-employee disputes growing out of the interpretation of existing agreements. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 243, 70 S.Ct. 577, 94 L.Ed. 795. By the Act there was designated an agency peculiarly competent to handle the controversies thus arising; it was intended to leave a minimum responsibility to the courts in such matters, but also the rights clearly revealed by the interpretation of the Board are to be protected by the courts in proceedings under the Act. Order of Ry. Conductors of America v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 90 L.Ed. 318.

■■ The jurisdiction of the Board to adjust grievances and disputes of the type covered by the Act is exclusive, (Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 244, 70 S.Ct. 577, 94 L.Ed. 795) and the making of an award by the Board and the failure to comply with an order of the Board are essential to give the Court jurisdiction under the Act. Thomas v. Texas, 5 Cir., 118 F.2d 75; Walters v. Chicago & North Western Railway Co., 7 Cir., 216 F.2d 332, 336; the District Court has no jurisdiction, in the first instance, to order the reinstatement of a railroad employee, absent prior order of the Board in the premises. Buster v. Chicago, M., St. P. & P. R. Co., 7 Cir., 195 F.2d 73, 74; Broady v. Illinois Central R. Co., 7 Cir., 191 F.2d 73, certiorari denied 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672.

■ Findings and orders of the Board are prima facie evidence of the facts therein stated (Title 45 U.S.C.A. Section 153(p)), and the carrier seeking to upset the award carries the burden of showing it is wrong. Elgin, J. & E. R. Co. v. Burley, 327 U.S. 661, 664, 66 S.Ct. 721, 90 L.Ed. 928.

■ We are of the view that an award must "clearly reveal" the right of the employee, and the complaint in the District Court must clearly reveal the refusal of the carrier to afford the employee such right. System Federation, etc. v. Louisiana & A. Ry. Co., 5 Cir., 119 F.2d 509, 513, certiorari denied 314 U.S. 656, 62 S.Ct. 108, 86 L.Ed. 526; Railroad Yardmasters of North America v. Indiana Harbor Belt R. Co., 7 Cir., 166 F.2d 326, 327; Koelker v. Baltimore & Ohio R. Co., D.C., 140 F.Supp. 887, 890; Smith v. Louisville & Nashville R. Co., D.C., 112 F.Supp. 388, 389; see also Kirby v. Pennsylvania R. Co., 3 Cir., 188 F.2d 793, note 11, at page 796.

The record in this case reveals only that the Board indicated under situations such as existed here it usually ordered an independent board of doctors to be appointed, and that it would then issue its award and decision based upon the decision of the majority of the board of doctors.

If the award may be considered as an order, it was an order to the carrier and the employee to participate in appointing the board of doctors, and the carrier performed its part in carrying out this direction, if such it was. There is no showing that any further order was made, and there is nothing in the findings of the Adjustment Board by which the employee can make a prima facie showing of his right to reinstatement.

We find that the complaint states no facts showing that any award or order has been made by the Adjustment Board with which the carrier has not complied.

We shall hold this cause on our calendar until July 14, 1958, at which time, in the absence of any cause to the contrary shown, the carrier may present to the Court findings, conclusions and judgment in accord with this memorandum. De Priest v. Pennsylvania R. Co., D.C., 145 F.Supp. 596, 600.

This cause is continued to July 14, 1958 at 10 A.M. for further proceedings.