BATES, Victor R., Byrnes, Lawrence E., Capetz, Nicholas, Dannecker, Eugene F., Doran, Joseph C., Fenner, Clarence J., Grufman, Eugene G., Hill, Howard L., Jr., Hoffman, William I., Jensen, Arthur W., Konchal, John R., Lane, Otis E., Leach, Edward J., Mata, John P., McGuire, John F., Myers, Robert H., Neuman, Richard J., Norring, James H. Peterson, Arland R., Sherlock, Eugene O., Strand, Walter C., Swecker, James S., Tonder, Peter M., Plaintiffs,

v.

NORTHWEST AIRLINES, INC., Defendant.

Civ. No. 3-58-389.

United States District Court
D. Minnesota,
Third Division.
March 19, 1959.

Dorsey, Owen, Scott, Barber & Marquart, by Henry Halladay, Minneapolis, Minn., appeared on behalf of the defendant i... support of the motion.

Leavitt, La Fleur & Eggleston, by Edward J. La Fleur, St. Paul, Minn., appeared on behalf of the plaintiffs in opposition thereto.

DONOVAN, District Judge.

The above-entitled matter came on for hearing at a special term of this Court on February 24, 1959, on a motion of defendant for summary judgment or dismissal.

Plaintiffs herein are suing on an award of a System Board of Adjustment provided for by the Railway Labor Act, 45 U.S.C.A. §§ 151–188. Plaintiffs were employed as "stock clerks" or "stock clerks in charge" by defendant Northwest Airlines, Inc. under a collective bargaining agreement between defendant and the International Association of Machinists, hereinafter referred to as IAM. A dispute arose between IAM and the defendant as to whether stock clerks were entitled to certain overtime pay under the bargaining agreement. In accordance with the grievance procedure provided in said agreement, a claim was submitted to the Northwest Airlines System Board of Adjustment, hereinafter called the Board.

On April 10, 1956, the Board rendered an award sustaining the claim for additional compensation for stock clerks and clerks in charge during a period from September 12, 1950 to July 10, 1953. No order was made. Thereafter, on October 8, 1957, as a result of disagreement concerning the award defendant and IAM entered into an agreement applying the award to certain classes of persons. Plaintiffs being neither employees nor members of the IAM on that date were excluded from the benefits of the agreement. The award is identified in the file as Exhibit B to the affidavits in support of defendant's motion. The plaintiffs and the defendant are unable to agree as to the meaning of the award and its application to the parties now before the court.

Plaintiffs in this suit allege defendant owes them overtime compensation under the award since they were working as stock clerks or stock clerks in charge during the period covered by the award.

Defendant seeks an order dismissing the complaint or for summary judgment

in its favor on any one or more of the following grounds:

(1) The award is invalid because it is too indefinite to be capable of enforcement and is not based on definite findings of fact;

(2) The award is invalid because it does not include a day named for compliance;

(3) The plaintiffs' action is barred by expiration of the period of limitations.[1]

(4) There is pending another action for like cause in the District Court for Ramsey County, Minnesota.

Plaintiff, while admitting the Board issued no order, contends:

(a) The Board finding and award are understandable and capable of enforcement;

(b) The absence of a specific order and a date for compliance therewith is remedied by the October 8, 1957, agreement. The directive purpose of an order to the carrier was thereby made unnecessary.

(c) The statute of limitations would commence to run, if at all, from October 8, 1957, and a cause of action accruing on that date would not be barred.

Defendant's motion is grounded in part upon the pendency of a similar action between the same parties in the Ramsey County District Court.

" * * * the pendency in a state court of an action brought by the plaintiff in a subsequent action between the same parties in the federal court, and which involves the same subject-matter, presents no bar and furnishes no ground for the abatement of the later action."[2]

Jurisdiction of this Court over this action can only be predicated upon 45 U.S.C.A. § 153 which, by virtue of 45 U.S.C.A. §§ 184–185, is applicable to the award of an Air Carrier System Board of Adjustment such as the one rendering the award herein.[3] Both parties by brief and oral argument agree that the award herein was not followed by an order of the Board, directed to the employer, commanding payment. Further, they agree that any relief afforded the plaintiffs in this Court must be provided within the terms of said § 153 in so far as they apply to a system board of adjustment of an air carrier. Absent the application of said § 153, this Court would have no jurisdiction in the present case since diversity of citizenship is lacking and the claims of the individual plaintiffs do not exceed the jurisdictional amount.[4]

This Court is further of the opinion that the controlling statute [5] makes the entry of a Board order, a condition precedent to an enforcement suit such as the instant case.[6]

The dispute in the case at bar involves misunderstanding of the award in question. The statute [7] affords ample opportunity for relief in that respect for it provides that,

" * * * the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award. In case a dispute arises involving an interpretation of the award, the division of the Board upon request of

1. 45 U.S.C.A. § 153(q).

2. Redditt v. Hale, 8 Cir., 184 F.2d 443, 446.

3. Crusen v. United Airlines, D.C.Colo., 141 F.Supp. 347, affirmed 10 Cir., 239 F.2d 863; Bower v. Eastern Airlines, 3 Cir., 214 F.2d 623; Farris v. Alaska Airline, D.C.W.D.Wash., 113 F.Supp. 907, 909, note 5; International Union United Auto Aircraft & Agr. Implement Workers of America v. Delta Air Lines, D.C.N.D.Ga., 83 F.Supp. 63.

4. 28 U.S.C.A. § 1332.

5. 45 U.S.C.A. § 153(o, p).

6. Thomas v. Texas & N. O. R. Co., 5 Cir., 118 F.2d 75; Gunther v. San Diego & Arizona Eastern Railway Co., D.C.S.D. Cal., 161 F.Supp. 295; Alabama State Federation of Labor v. Kurn, D.C.N.D. Ala., 46 F.Supp. 385.

7. 45 U.S.C.A. § 153(m); See also: Koelker v. Baltimore and Ohio Railroad Company, D.C.E.D.Pa., 140 F.Supp. 887.

either party shall interpret the award in the light of the dispute."

But no application for such interpretation appears to have been made. If such is desired, there appears ample time to resort to the Board for such relief, as this action shall not be disposed of on the merits.

Plaintiffs concede that there has been no order of the Board entered in the case at bar, hence the action is dismissed without prejudice.

It Is So Ordered.

Exceptions are allowed.