**F. J. GUNTHER, Petitioner,**

v.

**SAN DIEGO & ARIZONA EASTERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. No. 2459.**

United States District Court
S. D. California, S. D.
March 27, 1961.

ground that "There is no genuine issue as to any material facts in this action and that defendant is entitled to a judgment as a matter of law."

Rule 3(d) (2) of the Local Rules of our District, West's Ann.Cal.Code provides:

"There shall be served and filed with each motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure proposed findings of fact and conclusions of law and proposed summary judgment. Such proposed findings shall state the material facts as to which the moving party contends there is no genuine issue.

"Any party opposing the motion may, not later than three days prior to the hearing, serve and file a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

"In determining any motion for summary judgment, the court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are asserted to be actually in good faith controverted in a statement filed in opposition to the motion."

The above mentioned Rule was promulgated after due consideration by the Judges of this District, and has proven to be of great assistance in the determination of motions for summary judgment and in making clear records of the contentions of the parties and the judgments of the Courts.

Counsel for the moving party did not comply with this Rule, and this Court has experienced some difficulty in determining the actual matters intended to be urged.

It appears, however, that counsel for the defendant has put forth two or three different grounds upon which the motion is based. This we gather from the brief filed in support of the motion on November 28, 1960.

At Page 6, paragraph heading "I", counsel states: "The Judgment in The

Charles W. Decker, San Francisco, Cal., Clifton Hildebrand, Hildebrand, Bills & McLeod, Oakland, Cal., for petitioner.

Gray, Cary, Ames & Frye, James W. Archer, Eugene L. Freeland, San Diego, Cal., W. A. Gregory, William R. Denton, San Francisco, Cal., for defendant.

WEINBERGER, District Judge.

On November 28, 1960 defendant made a Motion for Summary Judgment on the

Prior Action In This Court Between The Same Parties On The Same Cause Of Action Constitutes A Bar To This Action". Under such heading, Section "A" counsel states: *"An action to enforce an award of the NRAB is a trial de novo on the cause of action alleged before the Board. The Award itself does not create a cause of action".* It is then urged that the petitioner is entitled to relief, if at all, not because he has an award and interpretation thereof, but because his rights under the collective bargaining agreement were violated when he was removed from service December 30, 1954. It is stated, "His cause of action arose from the events of that day."

Counsel then contends, under "B" at Page 8, that *"The principle of res judicata bars this action of petitioner after the purported interpretation, for the issues to be decided in this action have already been raised and decided in the prior action between the same parties."*

Under "C" at Page 10, counsel states: *"The scope of the bar of res judicata includes not only all matters which were raised in the prior proceeding but also all matters which could have been raised."*

With the heading, "II" at Page 12, it is argued: "As the October 8, 1958, Interpretation and Order are the Same Cause of Action Presented in the Prior Case, Their Presentation at This Time to *This Court is Barred by the Statute of Limitations."* Under this latter section, there is quoted a portion of the Railway Labor Act (45 U.S.C.A. § 153, First (q)) to the effect that all actions at law based under the provisions of the section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board.

We direct attention of counsel to our Memorandum Opinion of April 15, 1958, filed in the prior case, (D.C., 161 F.Supp. 295). Our Findings and Conclusions in such case, filed April 8, 1959, were as follows:

"Defendant San Diego & Arizona Eastern Railway Company's motion for summary judgment having come on regularly for hearing on February 21, 1958, before the above-entitled court, Honorable Jacob Weinberger, Judge presiding, the petitioner appearing by Hildebrand, Bills & McLeod and Charles W. Decker, by Charles W. Decker, Esq., and the defendant appearing by James W. Archer, Eugene L. Freeland, Burton Mason, W. A. Gregory and Harold S. Lentz, by James W. Archer, Esq., W. A. Gregory, Esq. and Eugene L. Freeland, Esq., and the said motion having been fully argued and the court having considered the pleadings, the admissions of the parties hereto, and the affidavits on file with the said motion, and the said motion having been submitted to the court for decision, and the court having issued its Memorandum Opinion and Order April 15, 1958 which provided, in part, for a continuance of this cause to July 14, 1958, at which time, in the absence of any cause to the contrary shown, defendant was to be permitted to present to the Court findings of fact, conclusions of law and a judgment in accordance with said Memorandum Opinion and Order, and petitioner's motion for a stay of proceedings having been noticed and heard on July 14, 1958, and the Court having ordered a stay of the proceedings herein to February 16, 1959, and on said date having continued the defendant's motion and the presentation of findings, etc. to March 6, 1959, and the said parties by the said attorneys having appeared on said date and said motion having been again fully argued and the court being fully advised in the premises, the court now makes its findings of fact, conclusions of law and order for summary judgment as follows, to wit:

"Findings of Fact

"It appears to the court that material facts which exist herein without substantial controversy are:

"1. Defendant at all times pertinent to this action was, and now is, a corporation organized and existing pursuant to the laws of the State of Nevada, and

was and now is a carrier by railroad subject to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.

"2. Petitioner was employed by defendant on December 18, 1916, as a fireman and was promoted to locomotive engineer on December 4, 1923, and was so employed by defendant until December 30, 1954.

"3. On December 30, 1954 the terms of petitioner's employment with defendant were governed by the agreement by and between San Diego & Arizona Eastern Railway Company and its locomotive engineers represented by the Brotherhood of Locomotive Engineers and the said agreement established the rights, duties and relationship of the parties hereto.

"4. On December 30, 1954, defendant removed petitioner from active service as a locomotive engineer on the ground that he was no longer physically qualified to remain in active service as a locomotive engineer.

"5. On November 18, 1955 petitioner submitted his claim for reinstatement to the service of defendant with compensation for time lost by reason of said removal from service to the National Railroad Adjustment Board, First Division, and said claim was assigned Docket No. 33–531 by said Board. Thereafter, on October 2, 1956 said Board made its findings upon said claim, and issued its order.

"6. The findings of said Board provided in part as follows:

" 'Since determination of the facts necessary to enable the Division to make proper award on such issue requires expert medical competence, it has not been unusual, where adequate showing has been made of ground for challenge of carrier's decision, for the Division to provide for a neutral board of three qualified physicians, one chosen by carrier and one by the employe and the third by the two so selected, for the purpose of determining the facts as to a claimant's disability and the propriety of his removal from service. *In such case the Division predicates its award upon the finding of the board of physicians.* (Emphasis supplied) While the statement of claimant's physician now submitted is generally equivocal we think that when considered in connection with his prior report and that of carrier's medical superintendent, it discloses sufficient substantial disagreement as to claimant's physical condition to justify further check up and inquiry by such a neutral board of physicians.

" 'If the decision of the majority of such board shall support the decision of carrier's chief surgeon the claim will be denied; if not, it will be sustained with pay pursuant to rule on the property from October 15, 1955, the date of the letter of Dr. Hall showing disagreement with the findings of disqualification by the company physicians.

" 'Award: Claim disposed of per Findings.'

"The Order provides as follows:

" 'The carrier addressed, party to the docket identified above, is hereby ordered to make effective the award, which is attached and made a part hereof, as therein set forth and, if the award includes a requirement for the payment of money, to pay the employe (or employes) the sum to which he is (or they are) entitled on or before November 2, 1956.'

"7. Pursuant to such findings and order, the carrier appointed a physician, the petitioner appointed a physician and the two so appointed selected a third physician, comprising a board of physicians. The reports of such physicians have been made of record in this case.

"8. The defendant has refused to return petitioner to active service or to pay him back wages.

"Conclusions of Law

"The Court concludes:

"1. The Court has jurisdiction of the subject matter of this action and of the parties hereto.

"2. It is not necessary or proper for the purpose of deciding this motion for summary judgment that the Court consider whether the National Railroad Ad-

justment Board had jurisdiction to order the appointment of a board of physicians to examine petitioner.

"3. It is not necessary or proper for the purpose of deciding this motion for summary judgment that the Court consider the terms of the agreement between the defendant and the Brotherhood of Locomotive Engineers mentioned in Paragraph 3 of the findings herein.

"4. There is no genuine issue as to any material fact and the admitted facts show that the National Railroad Adjustment Board, had not, as of the date of filing the petition herein, made any award and order pursuant thereto with which the carrier defendant has not complied.

"5. The defendant is entitled to judgment herein and to its costs."

■■ We do not agree with defendant that the statute has run as against the petitioner. The latter was seeking reinstatement, and he had no recourse to our court until the National Railroad Adjustment Board had issued an order with which the railroad had refused to comply. See Slocum v. Delaware, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. Such a situation did not exist under the facts and order presented in the first action. This Court expressly did not adjudicate the rights of the parties under the collective bargaining agreement; such an adjudication is expressly sought in the present action.

Counsel for the moving party contends that because the second order of the Board and the refusal of the railroad to comply with it were not brought into the first action by a supplemental petition that petitioner is barred from bringing the present action. Again we point out that the Court expressly found it not necessary in the first action to adjudicate the merits of the controversy over the terms of the bargaining agreement.

■ We do not agree that the Judgment in the first action is res judicata of this, the second action which is before us now.

Under heading "III" of its brief at Page 14, the Railroad urges that the petitioner cannot rely upon any decision of the National Railroad Adjustment Board unless there is some provision in the contract between the Union and the railroad limiting the right of the defendant to remove its engineers from active service when it finds that they are no longer physically qualified for such service. Defendant urges that no such provision is found in the contract, and wishes us to so interpret the agreement and grant the motion for summary judgment. At the same time, defendant has filed an affidavit wherein it has been stated that a "practice" of the railroad existed with reference to retirement after a certain age. Petitioner has not filed a counter-affidavit. If evidence along this line has any bearing on the issues, and there are cases which refer to a "practice" or "plan" of compulsory retirement, then this Court should have more information regarding the same, for instance, the period during which it existed. If a "practice" or "plan" has no bearing, then the affidavit mentioning the same should not be made a part of the record. We have reviewed a few cases, not cited by counsel, which deal with the subject just mentioned, and no doubt counsel for the parties, as experts in this field of law, will be able to cite other cases. See: United Protective Workers of America v. Ford Motor Co., 7 Cir., 194 F.2d 997, United Protective Workers v. Ford, 7 Cir., 223 F.2d 49, 48 A.L.R.2d 1285; United States Steel Corporation v. Nichols, 6 Cir., 229 F.2d 396.

Counsel for petitioner contends that the latter should not be deprived of his day in court by the granting of a motion for summary judgment. He argues that the absence of a specific contractual provision limiting defendant's right to determine the physical fitness of its employees does not compel the Court to infer that such a limitation *does not* exist. Counsel for petitioner also says that the entire contract should be construed, but that the contract is not now before the Court.

In the affidavit of K. K. Schomp, filed by the defendant on November 28, 1960, it is stated that a copy of the Agreement

in effect as of December, 1954, (when Mr. Gunther last performed active service for the defendant) is attached to the affidavit as Exhibit "A". If counsel for the petitioner denies that Exhibit "A" of said affidavit, as the same appears in the Clerk's file, is not the contract in controversy, then there is, of course, need for clarification.

Counsel for the petitioner likewise hints that the contract is ambiguous and that a limitation upon the right which the defendant claims might be found in the contract in the light of parol evidence admitted as an aid in interpreting it. Counsel for the petitioner, however, has filed no affidavit to show what parol evidence he deems important, nor, for that matter has he pointed out in what particulars the contract may be ambiguous.

 Summary judgment is an extreme remedy and should be awarded only when the facts are quite clear. Kennedy v. Bennett, 8 Cir., 261 F.2d 20, Traylor v. Black, etc., 8 Cir., 189 F.2d 213. Any doubt as to whether the motion should be granted must be resolved against the movant. Booth v. Barber Transp. Co., 8 Cir., 256 F.2d 927. The function of a summary judgment is to eliminate sham issues (Irving Trust Co. v. U. S., 2 Cir., 221 F.2d 303).

It is our view that while petitioner waited nearly two years after the award of October 8, 1958 and the defendant's refusal to comply therewith before coming to this Court, the outcome of this litigation is of extreme importance to petitioner because of the large amount of money claimed as back wages and of possible importance to his Union because of principles of collective bargaining involved. In Kennedy v. Silas Mason Company, the Supreme Court, in the reported opinion (334 U.S. 249, at page 256) 68 S.Ct. 1031, 1034, 92 L.Ed. 1347 observed:

"* * * The hearing of contentions as to disputed facts, the sorting of documents to select relevant provisions, ascertain their ultimate form and meaning in the case, the practical construction put on them by the parties and reduction of the mass of conflicting contentions as to fact and inference from facts, is a task primarily for a court of one judge, not for a court of nine.

"We do not hold that in the form the controversy took in the District Court that tribunal lacked power or justification for applying the summary judgment procedure. But summary procedures, however salutary where issues are clear-cut and simple, present a treacherous record for deciding issues of farflung import, on which this Court should draw inferences with caution from complicated courses of legislation, contracting and practice.

"We consider it the part of good judicial administration to withhold decision of the ultimate questions involved in this case until this or another record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts * * *."

We think this controversy should be decided as soon as possible, but on a record which will disclose clearly the matters this Court is to consider. If both counsel are of the view that an interpretation of the collective bargaining contract on its face will decide Mr. Gunther's rights, let them so state. If other matters are to be passed upon, let them be presented in proper form.

We believe that the motion for summary judgment should be denied as to ground I and II for the reasons we have stated. It is our further view that the motion should be denied, without prejudice, as to ground III. A minute order based upon this memorandum will be filed as of this date.