**J. H. HODGES and Brotherhood of Railroad Trainmen, Plaintiff**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.**

**Civ. A. No. 582.**

United States District Court
N. D. Georgia,
Newnan Division.

Nov. 30, 1961.

Hewlett, Hewlett & Wall, Atlanta, Ga., Wayland K. Sullivan, Cleveland, Ohio, for plaintiff.

Lovejoy & Mayer, LaGrange, Ga., Walter D. Sanders, Newnan, Ga., for defendant.

MORGAN, District Judge.

This case is submitted on defendant's motion to dismiss under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff is seeking to enforce an alleged award issued by the National Railroad Adjustment Board arising out of the discharge of the plaintiff by the defendant.

Plaintiff has asked this Court for an order

  (a) "To comply with said award of the National Railroad Adjust-

ment Board, as contained herein in Exhibit 'A', and designate a physician to examine petitioner J. H. Hodges and determine his physical ability to return to work for defendant as a trainman";

(b) To order defendant to designate an examining physician to examine petitioner J. H. Hodges to determine his physical ability to return to work for defendant as a trainman;

(c) To order defendant to have said petitioner examined by said physician at a date and time certain to be determined by this Court;

Plaintiff further prays as follows:

(d) That this Court hold this cause in abeyance until said examination can be conducted on a date and time certain in accordance with the terms of the award of the National Railroad Adjustment Board, as will more fully appear by reference to Exhibit "A";

(e) That in the event petitioner J. H. Hodges is found to be physically able to return to work as a trainman for defendant, that this Court issue a writ of mandamus or other appropriate order directed to defendant, requiring it to place said petitioner's name on its seniority roster in the same position that it was located at the time that it was removed by defendant, and further order defendant to return said petitioner to work as a trainman for defendant;

(f) That in the event petitioner J. H. Hodges is determined to be physically unfit to return to work as a trainman for defendant by an examining physician appointed by defendant, that this Court order a copy of said report to be filed with the Court and further order defendant to require its said examining physician to meet with a physician of said petitioner's choice to select a neutral physician to examine your said petitioner;

(g) That this Court further order that a copy of said report of said neutral physician be filed with this Court and in the event that a majority of said three physicians determine that said petitioner is physically able to return to work for defendant as a trainman, that this Court issue a writ of mandamus or other appropriate order directed to defendant requiring it to place said petitioner's name on its seniority roster in the same position that it was located on the date of its removal by defendant; and that it further order defendant to return petitioner to work as a trainman for defendant; and

(h) That this Court direct said examining physicians to determine whether or not on the 21st day of October, 1957, in their opinion, said petitioner was physically able to return to work and if said examining physicians do determine that said petitioner was physically able to return to work on said date, that said petitioner be awarded damages by this Court for all lost wages suffered from said date in accordance with the provisions of the award of the National Railroad Adjustment Board, as will more fully appear by reference to Exhibit "A" attached to this petition.

Plaintiff alleges jurisdicton of this Court exists under the provisions of 45 U.S.C.A. § 153(p), and this appears to be the sole ground upon which jurisdiction is urged.

Subsection (o) of said Section provides that "in case of an award by any division of the Adjustment Board in favor of petitioner, the division of the Board shall make an order, directed to the carrier, to make the award effective"; and

Subsection (p) provides that "if a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner * * * may file in the District Court of the United States * * * a

petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board * * * ". The subsection further provides that "on the trial of such suit the findings and order of the division * * shall be prima facie evidence of the facts therein stated * * * ". "The district courts are empowered * * * to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board."

The complaint sets forth in full the "findings, award, and order" of the Board as Exhibit "A". In effect, the findings recite that the plaintiff was injured while on duty on January 6, 1955; that the petitioner thereafter filed suit against the carrier and obtained judgment which was satisfied; that the plaintiff, in the suit filed against the carrier, testified that he would be unable in the future to perform the duties of trainman, and that his doctor in that suit testified that the plaintiff had about forty percent disability. The complaint further sets out that the defendant carrier thereafter discharged the plaintiff for disability; that when the defendant refused to permit petitioner to return to work and reinstate his name to the seniority roster, the issues were submitted to the National Railroad Adjustment Board, and thereafter the Adjustment Board rendered an award. The language of the award is as follows:

"Having found that claimant was wrongfully withheld from service in violation of specific provisions of the agreement between the carrier and the union, we further find that claimant is entitled to an examination by the carrier's examining physician to determine whether he is physically able to return to work; that if said physician finds he is unable to return to work, claimant may, if he chooses, engage his own physician, and if the latter finds he is able to work, he (claimant's phy-

sician) and the carrier's physician shall agree upon a third physician to examine claimant, and the decision of a majority of said physicians as to claimant's ability to return to work shall be binding on the parties hereto. We further find that said physician or physicians shall, if he or they can, determine whether claimant was able to return to work on October 21, 1957, and if he or they find he was able to return to work on said date, he shall receive such earnings as he would have received had he been allowed to return to work on said date * * *

"Therefore, if the physician or physicians find claimant was able to return to work on October 21, 1957, he shall be paid for all time lost since said date."

■ The Act creating the National Railroad Adjustment Board provides effective and desirable administrative remedies for adjustment of railway-employee disputes growing out of interpretation of existing agreements. Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 243, 70 S.Ct. 577, 94 L.Ed. 795. The Adjustment Board is an agency set up to handle these railway-employee disputes, and it was the intention of Congress that the Courts have only a minimum responsibility in such matters.

■ The jurisdiction of the Board to adjust grievances and disputes of the type covered by the Act is exclusive. Slocum v. Delaware L. & W. R. Co., supra, and the making of an award by the Board and the failure to comply with an order of the Board are essential to give the Court jurisdiction under the Act, Thomas v. Texas, (5 CCA) 118 F.2d 75.

■ The findings and order of the Board are prima facie evidence of the facts therein stated, Title 45 U.S.C.A. § 153(p), and an award by the Board is presumed correct unless the contrary is shown by the carrier. Evidently, if an award is to be granted this dignity, it must establish definite rights between

the parties. The award must be affirmative—it must either deny or sustain the plaintiff's claim. That this is not done by the award in question is obvious.

■ It will be noted from the above-quoted excerpts from the award that it is in the alternative. A portion of the award is to the effect that the claimant is entitled to an examination by the carrier's examining physician, and if the carrier's physician determines that he is not physically able to work, the claimant, if he chooses, may engage his own physician, and if the two physicians cannot agree, then a third physician is to examine claimant, and that the majority of the physicians as to claimant's ability to return to work shall be binding. The award does not show that the carrier's physician made an examination and, while it shows there was a statement by the plaintiff's physician of his ability to work, the award does not show that a third physician was chosen, or there was any examination by a neutral physician, or that there was any decision by a majority of the physicians as required by the award.

The purported award of the National Railroad Adjustment Board, First Division, No. 19287, dated August 6, 1959, is in the alternative. It neither denies nor sustains the claim alleged by the plaintiff.

The present case finds jurisdiction lacking in that the purported award is not an award as required by the Railway Labor Act, Smith v. Louisville & Nashville R. Co., D.C., 112 F.Supp. 388; Gunther v. San Diego & Arizona Eastern Railway Co., D.C., 161 F.Supp. 295. The Court does not have jurisdiction of the action here because the conditions precedent to jurisdiction do not exist, 45 U.S.C.A. § 153.

The defendant's motion to dismiss is sustained, and the case will be dismissed without prejudice to the plaintiff to take further action to have an appropriate award rendered by the National Railroad Adjustment Board.

It is so ordered.