## SOUTHERN RY. CO. v. ORDER OF RAILWAY CONDUCTORS OF AMERICA.

### Civil Action No. 1367.

District Court, E. D. South Carolina, Charleston Division.

Oct. 31, 1945.

Frank G. Tompkins, of Columbia, S. C., J. M. Cohen and L. M. Abbot, both of Washington, D. C., and Barnwell & Whaley, of Charleston, S. C., for plaintiff.

Mitchell & Horlbeck, of Charleston, S. C., and V. C. Shuttleworth, of Cedar Rapids, Iowa, for defendant.

WARING, District Judge.

█ The above entitled cause was instituted in the Court of Common Pleas for Charleston County, State of South Carolina, praying a declaratory judgment under the South Carolina Statutes, Code of Laws of S. C. 1942, Sec. 660. The plaintiff is a nonresident corporation. The defendant is an unincorporated association, its membership being made up of railway conductors in various parts of the United States, including a number of members in Charleston County. The suit was properly brought in the name of the unincorporated association in accordance with Sections 7796 and 7797 of the Code of Laws of South Carolina 1942. The controversy relates to the construction of a contract of employment between the plaintiff railway company and the railway conductors.

The defendant removed the cause from the State Court by appropriate proceedings, alleging in the petition for removal that the suit is one that arose under the Constitution and laws of the United States and involves a federal question arising under the provisions of the Railway Labor Act of 1934, 45 U.S.C.A. § 151 et seq. Although it is alleged that the matter in dispute exceeds $3,000 there is no diversity of citizenship alleged or shown.

The plaintiff railway company has appeared and filed its motion to remand. The Railway Labor Act as adopted by Congress contains many provisions relating to relations between railroads and their employees. Among other things, there is established an adjustment board known as "National Railroad Adjustment Board", which board is divided into certain divisions. The "First Division" is "To have jurisdiction over disputes involving train- and yard-service employees of carriers." 45 U.S.C.A. § 153(h). Subdivision (i) of the same section is as follows:

"(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out

of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data hearing upon the disputes."

It will be noted that the first part of the above section provides that these disputes "*shall*" be handled by certain negotiations up to the point of reaching an adjustment. But the latter part of the section provides that where the parties fail to reach an adjustment the dispute "*may*" be referred by petition to the appropriate division of the Adjustment Board.

From the foregoing language it appears that Congress intended that disputes of the character covered by the pending cause may be adjusted in either of two ways. First, under the authority of the act by carrying it before the Adjustment Board, or second, by exercising the common law rights of any parties to bring an action to construe a contract and protect his rights. And so it is quite clear that there is concurrent jurisdiction of the subject matter of this suit either by the Adjustment Board or a court of competent jurisdiction. The parties by agreement may use either method of adjudication, or either party may institute an action in a court or before the board. I am of the opinion that if the matter is taken first before a court it will retain jurisdiction and carry the case through to an adjudication. If, however, the board has taken jurisdiction the court will not interfere. These views seem amply sustained by numerous decisions of our courts. In Moore v. Illinois Cent. Railroad Co., 312 U.S. 630, 635, 61 S.Ct. 754, 756, 85 L.Ed. 1089, the court says:

" * * * the legislative history of the Railway Labor Act shows a consistent purpose on the part of Congress to establish and maintain a system for peaceful adjustment and mediation *voluntary* in its nature. The District Court and the Circuit Court of Appeals properly decided that petitioner was *not required* by the Railway Labor Act to seek adjustment of his controversy with the railroad as a prerequisite to suit for wrongful discharge." (Emphasis added.)

That case was first brought in the State Court for Hinds County, Mississippi. Upon certain questions of law the case went to the Supreme Court of Mississippi and was sent back for trial. Thereafter the plaintiff amended his pleadings by asking for damages in the sum of $12,000 and the defendant being a nonresident corporation removed the case from the State Court to the Federal Court. The jurisdiction of the Federal Court, was, therefore, based entirely upon citizenship and the requisite jurisdictional amount. See, D.C., 24 F. Supp. 731.

In Washington Terminal Co. v. Boswell, 75 U.S.App. D.C., 1, 124 F.2d 235, 249, the Circuit Court of Appeals for the District of Columbia, upon the authority of the Moore case, supra, stated that a dispute between a railroad company and its employees may be taken directly into the court or under the Railway Labor Act before the Adjustment Board. The court says:

"The foregoing considerations are reinforced by the fact that the carrier, under the decision in Moore v. Illinois Central R. R., supra, can bring its suit on the contract, *independently of the statute,* prior to the time when the dispute is submitted to the Board. Until then, at least, it has its election to pursue the exclusively judicial remedy or to follow the administrative and judicial one provided by the Railway Labor Act." (Emphasis added.)

The opinion was written by Mr. Justice Rutledge, then a member of the Circuit Court of Appeals for the District of Columbia and now on the Supreme Court of the United States. The decision was affirmed by a divided court, four to four, Mr. Justice Rutledge taking no part in the decision.

See also Delaware & Hudson Railway Corporation v. Williams, 7 Cir., 129 F.2d 11. There are numerous other cases, including cases in the State Courts, sustaining these views, but I think that the foregoing are sufficient to amply sustain the views announced as to the construction of the act in question. In the absence of any exclusive jurisdiction conferred by the Railway Labor Act there is no reason why a suit involving conductors' rights, such as are involved in this case, should not be brought in a State Court, subject of course at any time, to removal to a Federal Court

upon the ground of diversity of citizenship provided the essential elements are shown. They are not present in this cause and for that reason I feel constrained to grant the motion made by the plaintiff to remand the cause to the State Court. Accordingly, it is ordered, that the above entitled cause be and the same is hereby remanded to the Court of Common Pleas for Charleston County, in the State of South Carolina, for such action and proceedings as may be appropriate therein.