## Staunton

Tom Henry Lee v. Virginian Railway Company.

September 14, 1955.

Record No. 4367.

Present, All the Justices.

The opinion states the case.

*L. S. Parsons* and *T. Helm Jones*, for the plaintiff in error.

*Williams, Cocke, Worrell & Kelly*, for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

Tom Henry Lee filed his motion for judgment against the Virginian Railway Company, alleging that there was due him from defendant the sum of $15,000.00 for its wrongful discharge of him as a locomotive fireman. Defendant filed its grounds of defense and a separate plea, in which it was alleged that under the contract of employment and the Railway Labor Act, 45 U. S. C. 153(i), the trial court had no jurisdiction of the case and that plaintiff's sole remedy was to file his petition with the National Railway Adjust-

ment Board. From a judgment sustaining the defendant's contention, plaintiff obtained this writ of error.

It appears from the record that in February, 1945, plaintiff was verbally employed by the defendant as a locomotive fireman; that on January 1, 1938, and June 1, 1953, the Brotherhood of Engineers, Firemen and Hostlers, acting on behalf of the plaintiff and other members of the union, made a contract with defendant fixing the terms and conditions of employment, rate of pay, rules and working conditions, and providing that plaintiff would not be discharged without just cause.

In August, 1952, plaintiff became unable to work on account of an attack of malarial fever. On October 1, 1952, he reported for work, but was not assigned any duty because the medical report made by defendant's physician showed he was suffering from high blood pressure. Other physicians examined plaintiff and were of opinion that he was able to return to work. On March 12, 1954, defendant accepted reports as to plaintiff's physical condition, and on his application permitted him to return to work with full seniority rights, and assigned him duties similar to those he had previously performed. On May 10, 1954, when this action was instituted, plaintiff was working for defendant as locomotive fireman with full seniority rights based upon continuous employment from February, 1945, the time he first entered the service of defendant.

The jurisdiction of the court below to try the issues raised depends upon the terms of the contract made between the Brotherhood of Engineers, Firemen and Hostlers and the defendant railway company, and the pertinent federal statute (45 U. S. C. 153) as construed by the federal courts.

The pertinent part of the contract is Article 30(a), which provides: "No engineer, fireman, or hostler will be suspended, record marked, or discharged from service of the company without just cause." The other parts of the section set forth the steps an aggrieved party to the contract must take to determine his rights without resorting to court action.

The statute, 45 U. S. C. 153(i), provides:

"(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unad-

justed on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."

Plaintiff contends that the issue is simple; namely, whether defendant breached its contract by discharging him without just cause, and insists that the court had jurisdiction to try this issue. This contention, however, ignores the fact that the relationship existing between the litigants at the time the action was brought was that of employee and employer. In support of his contention, plaintiff relies on *Moore v. Illinois Central R. R. Co.*, 312 U. S. 630, 61 S. Ct. 754, 85 L. ed. 1089. The facts in that case were that Moore had been discharged as an "unsatisfactory employee"; that is, his relations with the railroad had been definitely terminated before he instituted the action. The Court, in the majority opinion by Mr. Justice Black, held that an employee who had severed his relations with his employer "was not required by the Railway Labor Act to seek adjustment of his controversy with the railroad as a prerequisite to suit for wrongful discharge."

The facts in the case now under consideration are distinguishable from the facts in the *Moore* case, *supra*. Here the plaintiff was not discharged, but was temporarily denied employment due to the fact that the railroad company had been advised by its physician that he was physically unable to perform the duties of his employment. Later, the physicians decided that plaintiff was physically able to return to work and, upon his application, he was assigned to his former duties and given all seniority rights; that is, his status was that of an employee who had been continuously employed since February, 1945.

These facts bring the case within the influence of the decision in *Slocum v. Delaware, L. & W. R. Co.*, 339 U. S. 239, 70 S. Ct. 577, 94 L. ed. 795, decided after the *Moore* case, *supra*. The facts in the *Slocum* case were that the railroad had a separate collective bargaining agreement with two unions. A dispute arose between the unions, each claiming for its members that they were entitled to do certain work. One union moved to dismiss the case on the ground that the Railway Labor Act left the state court without

jurisdiction to construe the contract. The Court held that as long as the National Railway Adjustment Board had not acted, neither a state nor a federal court had jurisdiction to adjust the dispute between the railroad and the labor union involving the interpretation of the labor agreement, because the Railway Labor Act conferred exclusive jurisdiction upon the Board. Mr. Justice Black, again speaking for the majority of the Court, said:

"The first declared purpose of the Railway Labor Act is 'To avoid any interruption to commerce or to the operation of any carrier engaged therein.' . . . This purpose extends both to disputes concerning the making of collective agreements and to grievances arising under existing agreements . . . .

. . . The Act thus represents a considered effort on the part of Congress to provide effective and desirable administrative remedies for adjustment of railroad-employee disputes growing out of the interpretation of existing agreements. The Adjustment Board is well equipped to exercise its congressionally imposed functions. Its members understand railroad problems and speak the railroad jargon. Long and varied experiences have added to the Board's initial qualifications . . . .

". . . Our holding here is not inconsistent with our holding in *Moore* v. *Illinois Cent. R. Co.*, 312 U. S. 630, 85 L. ed. 1089, 61 S. Ct. 754. Moore was discharged by the railroad. He could have challenged the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases."

Since publication of the decision in the *Slocum* case, *supra*, the lower federal courts have applied the principle therein stated in numerous cases.

The facts in *Butler* v. *Thompson, et al.*, 192 F. (2d) 831, were that Butler instituted an action against the defendant railroad company for reinstatement as a dining car employee and for an accounting of loss of earnings or damages. It was held that under the Railway Labor Act plaintiff's remedy was by petition to the National Railway Adjustment Board.

In *Thompson* v. *St. Louis-San Francisco Ry. Co.*, (D. C. Ala.), 113 F. Supp. 900, a trainman instituted an action in the federal

District Court to recover coordination allowance provided by the agreement between the union and the railroad company, on the ground that he had been temporarily deprived of his employment. The Court held:

"It does not appear from the complaint that plaintiff's status as an employee has been wrongfully terminated. On the contrary, it is clear that under the provisions of the agreement copied in the margin, the plaintiff still has the status and subsisting rights of an employee even though he has been temporarily deprived of his employment as a result of coordination. Without considering all of plaintiff's possible rights under the agreement, it is entirely possible that plaintiff might yet be called to return to defendant's service with the protection accorded by the agreement during the period of his re-employment. Moreover, it does not appear that plaintiff has resigned and is suing to recover the separation allowance provided in Section 9 of the Washington Job Agreement.

"Since plaintiff still has the status of an employee, the jurisdiction of the Railway Adjustment Board to adjust a dispute of the type here involved is exclusive within the rationale of *Slocum* v. *Delaware, L. & W. R. Co., supra.*"

The net result of the federal courts' construction of this and similar contracts and the federal statute in question seems to be that where an employee accepts his discharge as final and seeks damages for breach of contract, as was done in the *Moore* case, *supra*, then either the federal or the state courts have jurisdiction. In the case where an employee refuses to recognize the discharge as valid and seeks reinstatement and damages, neither the state nor the federal court has jurisdiction, but his sole remedy is the right of referral of his grievance to the Railway Adjustment Board. *Spires* v. *Southern Ry. Co.*, 204 F. (2d) 453 (CA 4); *Switchmen's Union* v. *Ogden Union Railway & Depot Co.*, 209 F. (2d) 419.

The facts in *Isgett* v. *Atlantic Coast Line R. Co.*, 223 S. C. 56, 74 S. E. (2d) 220, were that plaintiff was employed as a car repairer by defendant. He was released or furloughed in reduction of employees in March, 1949, and was reemployed in October, 1950, as a new employee without seniority rights and was so employed at the time he instituted action to recover his seniority rights. Defendant moved to dismiss the complaint upon the ground that the court was without jurisdiction, since the plaintiff had not exhausted his administrative remedy under the federal Railway Labor Act.

The Court held that the trial court had no jurisdiction to entertain the action. In so holding, the Court said (74 S. E. (2d) 222):

"In *Piscitelli* v. *Pennsylvania-Reading Seashore Lines*, 1950, 8 N. J. Super. 557, 73 A. (2d) 751, 752, plaintiff sued to compel the defendant-employer to reinstate him to his former position and restore the seniority to which he alleged he was entitled under a collective bargaining agreement between the employer and his union. Plea to the jurisdiction was entered, as here, and sustained. The *Moore* case was considered and reviewed, but the court said and held as follows: 'More recently, however, (April 10, 1950) the same court construed the Railway Labor Act as conferring exclusive jurisdiction upon the National Railway Adjustment Board in all disputes between carriers and their employees growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, working conditions, etc. . . .'" The Court further said that the opinion in the *Slocum* case distinguishes between a suit in which an employee accepts his discharge as final and seeks damages for breach of contract as in the *Moore* case, and a suit in which the employee refuses to accept the discharge as valid and seeks reinstatement or damages for suspension. In the latter situation his contention is construed as a grievance arising under the terms of the contract and statute, and "his grievance must be presented to the agency provided by the act."

In the case now under consideration, plaintiff was not discharged from his employment. On the contrary, he was held out of service because of his physical condition and later returned to work with full seniority rights. Under this state of facts neither a state nor a federal court has jurisdiction to determine his grievance, but his sole right is to pursue the administrative remedies provided under the contract and under the Railroad Labor Act.

Among other authorities upon which plaintiff relies is *Southern Ry. Co.* v. *Order of Railway Conductors of America*, 63 F. Supp. 306, decided by the District Court, October, 1945, in which it was held that disputes between railroads and railroad conductors regarding construction of employment contracts may be adjusted either under authority of the Railway Labor Act by carrying it to the Adjustment Board, or by an action in court to construe the contract. The federal court remanded the case to the state court. The state court held that it had jurisdiction, which decision is in accord with plaintiff's contention. However, on *certiorari* from

the decision of the Supreme Court of South Carolina, the Supreme Court of the United States, 339 U. S. 255, reversed the holdings of both the United States District Court and the state court on the ground that no court had jurisdiction to interpret the terms of the agreement and adjudicate the dispute between the parties and that the aggrieved employee's sole remedy was to petition the National Railway Adjustment Board.

The other authorities cited by plaintiff are either not in point or have been superseded by the decision in the *Slocum* case.

The judgment of the trial court is affirmed.

*Affirmed.*