Gladys **KOELKER**

v.

The **BALTIMORE AND OHIO RAILROAD COMPANY.**

Civ. A. No. 19589.

United States District Court
E. D. Pennsylvania.
May 2, 1956.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Guckes, Shrader & Burtt, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Alleging that she was laid off without good cause from her position as a telephone operator in the station at Washington, D. C., the employee brings this diversity action against her employer, the railroad company, for loss of salary and for punitive damages. The employer has moved to dismiss for want of jurisdiction. It has also moved for summary judgment in its favor.

In cases involving grievances under labor agreements, as does this, the

National Railroad Adjustment Board has exclusive primary jurisdiction and this court has no jurisdiction until the services of the Board have been invoked. Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L. Ed. 795; Order of Ry. Conductors v. Southern Ry. Co., 1950, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811; Lee v. Virginian Ry. Co., 1955, 197 Va. 291, 89 S.E. 2d 28.

The railroad's position here is that the employee's claim was handled through a series of grievance procedures set up by the Railway Labor Act, 45 U.S.C.A. § 151 et seq., culminating in an award by the National Railroad Adjustment Board, that the Board denied the claim, and that this court lacks jurisdiction of the present action because Section 3 of the Act, 45 U.S.C.A. § 153 First (m), provides that the Board's awards "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award."

█ If made on the merits, the decision of the Board is final. Bower v. Eastern Airlines, Inc., 3 Cir., 1954, 214 F.2d 623.

The decision in the present case hinges, therefore, on whether or not the Board decided the case on the merits.

The railroad raised two defenses before the Board. The first defense, a procedural one, was that since the employee was not represented by the Brotherhood, the Board could not accept jurisdiction.

Plaintiff was a member in good standing of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, which had a labor contract with the railroad. For reasons which are not explained, plaintiff was represented in the proceeding before the Adjustment Board not by the Brotherhood but by Elmer E. Davis, of the Railroad Industrial Union.

The second defense before the Board, on the merits, was that the railroad's action was justified in that there was evidence that plaintiff was "emotionally unstable" and that she "manifested an abnormal personality which would result in continuing conflict with fellow employees."

The Board's award (Award No. 6558, Docket No. MS-6967) is as follows:

"Statement of Claim: Claim of Gladys R. Koelker, Telephone Operator, B. & O. R. R. Co., Washington, D. C. Claiming pay for June 1, 1951, and all subsequent days and dates until officially reinstated with seniority unimpaired.

"Opinion of Board: The evidence of record reveals that there is no dispute between the parties to the controlling Agreement.

"Findings: The Third Division of the Adjustment Board, upon the whole record, and all the evidence, finds and holds:

"That both parties to this dispute waived oral hearing thereon;

"That the Carrier and the Employes involved in this dispute are respectively Carrier and Employes within the meaning of the Railway Labor Act, as approved June 21, 1934;

"That this Division of the Adjustment Board has jurisdiction over the dispute involved herein; and

"That Carrier's action in this case will not be disturbed.

"Award

"Claim denied in accordance with Opinion and Findings."

Although this states that the Board has jurisdiction over the dispute and that the claim is denied (implying a decision on the merits) it also says that there is no dispute between the parties to the controlling agreement, i. e. the Brotherhood and the Railroad, from which one can infer that the claim was denied because of the nonparticipation of the Brotherhood in the case before the Board.

██ I find it impossible to tell from the record whether or not this is a decision on the merits. A decision on defendant's motions, therefore, cannot be

reached until that question is determined. The Board's decision is not clear. The railroad contends that the Board's decision was on the merits. Plaintiff contends that it was not. Since there is a dispute over the interpretation of the Board's award it will be necessary for one of the parties to request an interpretation from the Board under 45 U.S.C.A. § 153 First (m).[1]

In order for plaintiff to bring an action in this court she must obtain an award on the merits in her favor before the Adjustment Board, 45 U.S.C.A. § 153 First (p). Therefore, it would appear that the burden is upon plaintiff to seek an award from the Board clearly on the merits and clearly in her favor.

Accordingly, the decision on defendant's motions will be deferred for a time sufficient to afford plaintiff a reasonable opportunity to obtain an award by the National Railroad Adjustment Board as herein suggested.

---

1. "In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute."