Henry J. McManaman, Plaintiff-Appellee, v. Elgin, Joliet and Eastern Railway Company, Defendant-Appellant.

Gen. No. 47,773.

First District, First Division.

April 25, 1960.

Rehearing denied May 23, 1960.

Stevenson, Conaghan, Hackbert, Rooks, and Pitts, of Chicago (Harlan L. Hackbert, of counsel) for appellant.

Louis G. Davidson, of Chicago (S. Jerome Levy, of counsel) for appellee.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

A verdict of $16,500 was returned for the plaintiff upon his complaint which charged the defendant with wrongfully refusing to employ him as a yardmaster.

McManaman had worked for the defendant from 1927 to 1944. Throughout these years, with the exception of 1941 to 1943, his position was that of a switchman or yardman. During 1941–1943 he worked temporarily as an assistant yardmaster. In 1944 he was injured and discontinued employment. In 1948 he applied for reinstatement as a yardman but was rejected for physical reasons. However, he was told by the defendant's chief physician that he would be approved for other work if the company made it available. In 1951 the position of assistant yardmaster, which he had held in 1941–1943, became open. The railway posted the vacancy and announced it would consider bids for the job on the basis of seniority. McManaman, who had remained upon the yardmen's seniority list, applied. A day later the position was given to another man over whom the plaintiff had seniority. Shortly after filing his application, he was examined by the railway's doctor; later a determination was made that he was physically unfit for the job of yardmaster. After futile efforts to obtain reconsideration from various railway officials he brought this suit.

His complaint alleged that while he was physically unable to perform the duties of a switchman, he was able to perform the duties of a yardmaster, and that his seniority entitled him to that position under an agreement between the yardmen and the railway, which had remained unchanged from the time he first became an employee. Article 10(c) of this agreement provided: "In the appointment of assistant yardmasters, senior yardmen will in all cases be given full and unprejudiced consideration." He contended that the railway had not given him this consideration.

The defendant answered that the rule relied upon by the plaintiff had been altered by a 1948 agreement with the Brotherhood of Railroad Trainmen and that, under the later agreement, the plaintiff was not eli-

gible for the position of yardmaster. It further answered that the plaintiff's remedy, if any, was by appeal to the National Railroad Adjustment Board under the Railway Labor Act. It contended that even if article 10(c) of the earlier agreement were applicable, the plaintiff had no cause of action because he had been given complete consideration and could not meet the railway's physical standards.

There are several issues between the parties, however the controlling question is the one of jurisdiction. We believe that in this dispute jurisdiction lies with the National Railroad Adjustment Board rather than with the courts. Because of this view, it is unnecessary to discuss the other points which have been raised in this appeal.

At the time the Circuit Court entered judgment for the plaintiff the law on the subject of the jurisdiction of the National Railroad Adjustment Board, as applied to a factual situation such as this, was not as well settled as it is today. Among the authorities relied upon in the trial court were a decision of the Circuit Court of Appeals, Penn. R. Co. v. Day, 258 F.2d 62 (3rd Cir. 1958), which has since been reversed, 360 U. S. 548 (1959), and Moore v. Illinois Central R. Co. 312 U. S. 630. The opinion of the Supreme Court of the United States in the Day case clarified the applicability of previous decisions to the facts here in issue; it particularly limited the holding of the Moore case to a situation where an employee had been discharged.

The Railway Labor Act (45 U. S. C., sec. 151, et seq.) states that disputes between an employee and a carrier growing out of grievances and out of the interpretation or application of agreements "concerning rates of pay, rules, or working conditions" are within the jurisdiction of the board. But it had been held in the Moore case that a railroad employee, who had been wrongfully discharged, could sue in a state court. Following

this decision, it was debatable whether a railroad employee, under certain circumstances, could have recourse to the courts rather than to the railroad board. The Day case involved a retired engineer who sued for extra pay for services performed while he was employed by the railroad. He relied on the provisions of a collective bargaining agreement between the railroad and the Brotherhood of Locomotive Engineers. The Circuit Court of Appeals held that he could proceed in the Federal courts. The Supreme Court reversed, holding that the railroad board had exclusive jurisdiction over the dispute even though the plaintiff was not an employee when the suit was brought. The court stated that "the purpose of the act is fulfilled if the claim itself arises out of the employment relationship which Congress regulated." The court concluded that "since the board has jurisdiction, it must have exclusive primary jurisdiction" if the purpose of having a "centralized determination" of questions is to be fulfilled. The court said this about the Moore case:

"Our decision in Moore v. Illinois Central R. Co., 312 U. S. 630, does not stand in the way of this. The decision in that case has been given its proper, limited scope in Slocum v. Delaware, L. & W. R. Co., 339 U. S. 239. Moore carved out from the controlling doctrine of primary jurisdiction the unusual and special situation of wrongful discharge where the aggrieved employee had been expelled from the employment relationship. Moreover, since the discharge had been accepted as final by the employee, it is probable that the damages accrued primarily after the employment relationship had terminated."

Thus the court made it clear that, except in a very restricted area, the railroad board has exclusive primary jurisdiction over employee-carrier disputes.

In several respects this case and the Day case are similar. In neither one was the plaintiff an employee

when he started his suit; in both cases the plaintiffs relied upon an agreement between their employers and the employees, and in both cases the altercation arose out of an "employment relationship which Congress regulated." Other facets of the present case have been held to be within the purview of the railroad board. For example, it has been held that disputes relating to seniority, to physical qualifications and to conflicting collective bargaining agreements come within the provisions of the act. Colbert v. Brotherhood of Railroad Trainmen, 206 F.2d 9 (9th Cir. 1953); Justice v. Southern Ry. Co., 143 F. Supp. 724 (W. D. N. C. 1956); Lee v. Virginian Ry., 197 Va. 291, 89 S.E.2d 28; Slocum v. Delaware, L. & W. R. Co., 339 U. S. 239.

In reaching the conclusion that the railroad board has jurisdiction of this case, we necessarily determined that McManaman did not come within the Moore exception because he was not a discharged employee. McManaman now argues that when his bid for the position of assistant yardmaster was unfairly turned down it was tantamount to a wrongful discharge. It is significant that his complaint did not make this charge. He admitted that he was incapable of performing the duties of his prior job and he was trying to obtain a new position by enforcing what he believed to be his seniority rights. He had been employed as a yardman. His seniority was based upon his status as a yardman. He had never been a yardmaster, except when he held the position temporarily by appointment. He wishes to be employed as a yardmaster. How can his employment as a yardmaster be terminated if it never began? If he had been wrongfully discharged while employed as a yardman he might, provided he had exhausted his administrative remedies (Transcontinental & Western Air, Inc. v. Koppal, 345 U. S. 653; Payne v. Pullman Co., 13 Ill.App.2d 105, 141 N.E.2d 83, sue in the state court; but he cannot do so for the

453

alleged failure of his employer to follow the terms of the agreement, under which he claims he was working.

The plaintiff relies heavily upon Thompson v. Moore, 223 F.2d 91 (5th Cir. 1955). That case involved an employee of a railroad who was injured in his employment and sued the railroad. After recovery he requested that the railroad restore him. When this was refused he brought a suit for damages for wrongful discharge, which he alleged was accomplished by the railroad's refusal to reinstate him. There is no indication in the Thompson case that the employee was asking to be employed in a different capacity or to be reinstated to a higher position than he formerly held. The Thompson case is not only distinguishable from the present case but, moreover, it does not appear to be consonant with the more recent expressions of the Supreme Court.

The judgment of the Circuit Court is reversed.

Reversed.

SCHWARTZ and McCORMICK, JJ., concur.