**Arlie Vernon CALES**

v.

**The CHESAPEAKE AND OHIO RAIL-WAY COMPANY, J. A. Sims, J. S. Woodyard and B. L. Slater.**

**Civ. A. No. 68–C–19–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

April 7, 1969.

Ralph Masinter, Masinter & Masinter, Roanoke, Va., for plaintiff.

George M. Cochran, Cochran, Lotz & Black, Staunton, Va., for defendants.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court upon a complaint filed by Arlie Vernon Cales, the plaintiff, against the Chesapeake and Ohio Railway Company, a Virginia Corporation, and three individual defendants, J. A. Sims, J. S. Woodyard and B. L. Slater, all employees of the Chesapeake and Ohio Railway Company.

This court, in an opinion filed on January 2, 1969, denied a motion by the defendants for summary judgment, 46 F. R.D. 36. Previously, this court had denied the defendants' motion to dismiss by order dated June 12, 1968, with the condition that plaintiff set forth the basis of his claim with greater particularity. In the motion presently before this court, the defendants, separately, have moved to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted and also upon the grounds that the court lacks jurisdiction over the subject matter of the litigation.

It is unnecessary to set forth the factual situation since we have done so in our previous opinion issued on January 8, 1969, and we adopt any and all parts of that opinion that are pertinent to the questions now before the court. With this explanation we proceed.

The defendants move to dismiss the action because the court lacks subject matter jurisdiction since the plaintiff, alleging wrongful discharge, also alleges that he was an employee of the defendant railway, an interstate carrier, but fails to show that he has exhausted his administrative remedies as required under the Railway Labor Act, § 3 First (i), 45 U.S.C.A. § 153 First (i).

A discharged railroad employee may either challenge the validity of his discharge before the National

Railway Adjustment Board as provided by the Act and seek reinstatement and back-pay *or* he may choose to accept the railroad's action in discharging him as final, and bring a civil action against the railroad for breach of contract. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 244, 70 S.Ct. 577, 94 L.Ed. 795 (1950); also see Moore v. Illinois Central R. Co., 312 U.S. 630, 634, 61 S.Ct. 754, 85 L.Ed. 1089 (1941); Roberts v. LeHigh and New England Ry. Co., 323 F.2d 219 (3rd Cir. 1963). The *Slocum* decision limited the breach of contract action to common-law wrongful discharge cases in which the relief sought is damages rather than reinstatement. See Slagley v. Illinois Central Railroad Co., 397 F.2d 546 (7th Cir. 1968). In Walker v. Southern R. Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966), the United States Supreme Court reaffirmed that a common-law action for wrongful discharge could be maintained without the exhaustion of administrative remedies under the Railway Labor Act, by refusing to overrule their previous decisions in the *Moore* and *Slocum* cases. The decision in the *Walker* case apparently rested on the inadequacies of the National Railroad Adjustment Board, specifically the great backlog of grievances and the unavailability to the employee of judicial review of the Board's decisions. The court noted that the recent amendment to the Railway Labor Act, Pub.L. 89–456, 80 Stat. 208, effective June 20, 1966, was enacted to correct the procedural deficiencies in the Adjustment Board's operation and it was implied that if the deficiencies were remedied, then even the limited exception to the exclusiveness of the Board's jurisdiction, the common-law wrongful discharge action, may be abandoned. However, as the law now stands, the exception exists and, if the plaintiff has alleged a common-law wrongful discharge action, it is within the exception to the exhaustion of administrative remedies and this court has jurisdiction. See Lee v. Virginian Railway Co., 197 Va. 291, 89 S.E.2d 28 (1955).

An action for an alleged wrongful discharge, as is apparent from the foregoing discussion, is an action for breach of contract. A general hiring is terminable at the will of either party, Title Ins. Co. of Richmond v. Howell, 158 Va. 713, 164 S.E. 387 (1932), in the absence of a statute, custom or contract fixing the term and the conditions. To prevail in a breach of contract action it is incumbent upon the employee to prove that a contract of employment was in existence at the time of the breach. Hoffman Specialty Co. v. Pelouze, 158 Va. 586, 164 S.E. 397 (1932). In the present case the plaintiff has not alleged that he was discharged in violation of any statute, custom, or more importantly an employment contract. Upon examination of plaintiff's complaint we find in regard to the alleged wrongful discharge allegations that are merely conclusionary and insufficient, when standing by themselves, to show that the employment was other than at will, terminable at any time by either party. There is no allegation to the effect that any obligation existed on the part of the defendant to maintain the plaintiff as an employee. Although this court has been unable to find any Virginia cases that have decided what is to be pleaded in a wrongful discharge action we think the general rules of pleading applicable to actions for breach of contract also obtain in actions for breach of employment contracts. Thus we think that as a minimum the plaintiff must allege (1) the contract (2) the plaintiff's performance or excuse for performance (3) defendant's breach of the contractual obligations and (4) the resulting damage to plaintiff. Without allegations of a contract, with its terms and conditions of employment such as the rate or pay, rules and working conditions, the conclusionary and defective allegations are insufficient to raise a triable issue. See Lee v. Virginian Ry. Co., 197 Va. 291, 89 S.E.2d 28 (1955). Therefore the court is of the opinion that the allegations pertaining to the wrongful discharge are insufficient to state a cause of action

upon which relief may be granted and accordingly the defendants' motions to dismiss are granted as to those allegations. However, if the plaintiff is so advised the court will consider permitting him to amend his complaint in this respect if his counsel deems that plaintiff is warranted in so doing.

■ The defendants have also moved to dismiss "because this court lacks jurisdiction of this action under the Federal Employers' Liability Act since there is no allegation of any personal injury giving rise to an action under said act." In Slaughter v. Atlantic Coast Line R. R. Co., 112 U.S.App.D.C. 327, 302 F.2d 912, 915, 8 A.L.R.3d 436 (1962) the court stated that "any intentional tort which inflicts bodily injury upon the employee is 'negligence' within the meaning of the Act. False arrest, since it involves an assault, comes within this category." The court further stated that to disallow recovery, because the harm was intentionally inflicted, would be anomalous and would thwart the central purpose of the Federal Employers' Liability Act which is to compensate railroad employees who suffer possible disabling physical injury as a consequence of their employment. Under the theory of respondeat superior, a railroad may be liable for false arrest if the arrest was "committed in the course of the discharge of [the railroad employees'] duties and in the furtherance of the work of the employer's business." Slaughter v. Atlantic Coast Line R. R. Co., supra at 916, cert. denied, 371 U.S. 827, 83 S.Ct. 48, 9 L.Ed.2d 65 (1962), quoting Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930). Although the complaint is inartistically drawn to allege a personal injury under the Federal Employers' Liability Act, the court is of the opinion that the allegations are sufficient to withstand a motion to dismiss. The complaint, when read as a whole, alleges that the plaintiff was wrongfully incarcerated through the deliberate, negligent and careless acts of the defendant railroad's agents and that as a result plaintiff has "suffered great physical and mental distress." This we think is sufficient to state a cause of action under the Federal Employers' Liability Act for "injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees", Federal Employers' Liability Act, 53 Stat. 1404, § 1, 45 U.S.C.A. § 51, of the defendant carrier. This, of course, does not dispense with the necessity that the plaintiff show that an injury did occur, and that the injury occurred as the result of a tort caused by the defendant railroad's negligence within the meaning of the Act. Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930); Slaughter v. Atlantic Coast Line R. R. Co., 112 U.S.App.D.C. 327, 302 F.2d 912, 8 A.L.R.3d 436 (1962).

■ The individual defendants urge dismissal of the action on the grounds that they were acting in the discharge of a public duty as police officers of the State of Virginia, and not as employees of the defendant railroad. Whether the individual defendants were acting in an official capacity as public officers, or whether they were acting within the scope of their employment thereby causing their employer to incur liability, is a question of fact. Charles v. Norfolk & Western Ry. Co., 188 F.2d 691 (7th Cir. 1951), cert. denied 342 U. S. 831, 72 S.Ct. 55, 96 L.Ed. 628 (1951). Because one is commissioned to act in some public capacity does not mean that all acts are such as to absolve either that individual or his master of liability. The complaint alleges that the wrongful acts occurred partially on railroad property and while the defendants were agents of the railroad. There is nothing in the record to indicate that the defendants were acting solely in a public capacity. Thus whether the railroad employees were acting in an official capacity as public officers or on behalf of their private employer is a question of fact that must be determined by the jury. See Winegar v. Chicago, B. & Q. R. Co., 163 S.W.2d 357 (Mo.App.1942); J. J. Newberry Co. v. Smith, 227 Ala.

2102Central theI

234, 149 So. 669 (1933); Central of Georgia Ry. Co. v. Dabney, 44 Ga.App. 143, 160 S.E. 818 (1931). If the arrest was wrongful and committed in the scope of employment of the railroad, rather than in a public capacity, then the railroad, and the individual defendants effecting the wrongful arrest, are liable in damages to the plaintiff.

For the foregoing reasons the defendants' motions to dismiss, as relate to the claims concerning the Federal Employers' Liability Act and the false arrest and subsequent malicious prosecution, are denied.

The clerk is directed to send certified copies of this opinion and judgment to counsel for plaintiff and counsel for the defendants.