**W. P. JOHNSTON**

v.

**INTERSTATE RAILROAD.**

**Franklin D. FRAZIER**

v.

**INTERSTATE RAILROAD.**

**Civ. A. Nos. 69–C–66–A, 69–C–71–A.**

United States District Court
W. D. Virginia,
at Abingdon.
Aug. 29, 1969.

Carl E. McAfee, Cline & McAfee, Norton, Va., for W. P. Johnston and Franklin D. Frazier.

Leslie M. Mullins, and James C. Roberson, Greear, Bowen, Mullins, Sturgill & Roberson, Norton, Va., James I. Hardy, Washington, D. C., for Interstate Railroad.

## OPINION

WIDENER, District Judge.

W. P. Johnston and Franklin D. Frazier, employees of Interstate Railroad, in Wise County, Virginia, were indicted by the Federal Grand Jury in Abingdon, Virginia, October 7, 1968, on counts of conspiracy to derail a train, and aiding in and actually derailing a train, in violation of 18 U.S.C. § 1992, 18 U.S.C. § 371, and 18 U.S.C. § 2(a).

T. E. Gurley, the general manager of the railroad, upon receiving notice of the indictments, on October 8, 1968, wrote to Johnston and Frazier advising them he was holding an investigation in his office at 9:00 a. m., October 10, 1968, in connection with the charges, and notifying them that they were being held out of service in the meanwhile.

Both Johnston and Frazier attended the investigation but declined to answer any questions.

Interstate Railroad is a wholly owned subsidiary of Southern Railway. The plaintiffs are charged in the indictments with dynamiting a Southern Railway bridge and derailing a Southern Railway train about 5 miles from Interstate's territory. The train had been loaded at an Interstate mine.

In 1967, a different trade union had been involved in a strike against Southern Railway and Interstate Railroad. Both Johnston and Frazier, while technically not on strike, had been involved in it, and were involved in litigation concerning the strike in the Circuit Court of Wise County. It was during the strike that the dynamiting occurred. The strike was settled by agreement dated December 22, 1967. Johnston filed his action against the railroad July 10, 1969, and Frazier filed his action against the railroad July 24, 1969. Both complaints are similar in all details, and the two actions were ordered consolidated August 8, 1969. On August 8, 1969, plaintiffs took the position that they claimed the jurisdiction of this court under 45 U.S.C. § 153, as amended. Pleas to the jurisdiction of the subject matter had been filed prior to the pretrial order in both cases on the ground that the court lacked jurisdiction because the subject matter of the dispute was within the exclusive jurisdiction of the National Railway Adjustment Board.

The complaints allege that the collective bargaining agreements between plaintiffs' respective unions and Interstate forbid bringing any charges against the plaintiffs which involve any matter of which the carrier has had knowledge for more then 30 days; that the carrier had knowledge of plaintiffs' alleged involvement in the dynamiting for more than 30 days before October 8, 1968; and that the carrier is wrongfully holding plaintiffs out of service.

At the hearing on the pleas to the jurisdiction in which oral testimony was taken, the plaintiffs further claimed that the collective bargaining agreements of Johnston and Frazier, respectively, required investigations such as this one to be completed and decided within 10 days and 7 days.

The complaints do not take the position that the plaintiffs have been discharged. To the contrary, it is stated in each complaint that " * * * he is and was an employee of the Interstate Railroad Company * * *." The complaints ask for reinstatement to their jobs with seniority and back pay. The complaints do not ask for damages for wrongful discharge.

At the investigation, Gurley, upon the refusal of Johnston and Frazier to respond to questions, recessed the investigation and has since held both plaintiffs out of service.[1] Neither plaintiff complains that he has not yet been tried on the criminal charges.

In each case the unions representing the plaintiffs appealed the decision of Gurley to hold the plaintiffs out of service and to recess the investigation until after the Federal court had acted on the indictments. The appeals took the usual course of grievances within the railroad organization as is required by 45 U.S.C. § 153, First (i). The appeals consist of a request to the general manager to review the investigation, and, failing in that, a request to the labor relations department of the railroad which contains the chief operating officer of the carrier designated to handle such disputes. The labor relations department of the carrier decided adversely to Johnston, March 17, 1969, and again May 16, 1969. Frazier's case was decided adversely to him by the labor relations department May 9, 1969.

No further action has been taken by the carrier or by the plaintiffs. Nothing has been referred by petition of the parties, or by either party, to the National Railroad Adjustment Board.

Plaintiffs contend that this court has jurisdiction because a referral of the matter to the National Railroad Adjust-

1. The court considers that Johnston and Frazier did not agree or acquiesce in the recess of the investigation.

ment Board would be futile, and that they can seek relief in the Federal Courts because they are employees under the terms of the Railway Labor Act, 45 U.S.C. § 151 et seq. They do not seek jurisdiction of the court under diversity of citizenship, or on other grounds. In addition, the plaintiff Johnston asserts that Rule 27(f) of his collective bargaining agreement gives him the right to come to court with his claim. This subsection states as follows:

> "(f) This agreement is not intended to deny the right of the employees to use any other lawful action for the settlement of claims or grievances provided such action is instituted within 9 months of the date of the decision of the highest designated officer of the Carrier."

Johnston's collective bargaining agreement conforms to his allegations in the pleadings. Rule 23 provides that no charge shall be made that involves any matter of which the carrier has had knowledge of 30 days or more. Rule 24 provides that an investigation shall be held within 10 days of the date of the charge or held from service and a decision rendered within 10 days after completion of the investigation.

Frazier's collective bargaining agreement does not conform to his pleadings, but for the purposes of this opinion, the court will treat Frazier's pleadings as conforming to the contract because it was admitted into evidence by agreement. It provides that an investigation shall be held within 7 days and that if discharged or demerited the employee will be advised within 15 days. Both agreements provide for holding out of service of the employee pending investigation.

It is the position of the plaintiffs that the carrier has violated both these collective bargaining agreements by holding Johnston and Frazier out of service pending the completion of the investigation and has violated such agreements by not completing the investigation. It is also the position of the plaintiffs that paragraph 8 of the strike ending agreement of December 22, 1967, is for their benefit although their unions were not parties to it. Paragraph 8 provides that no employee of Interstate or Southern who participated in the strike should have his seniority impaired, or be subjected to discipline or other adverse effect with respect to his employment as a result of any action or expression occurring in connection with the strike.

This entire matter is obviously a dispute over the terms of the two collective bargaining agreements of the plaintiffs and the strike ending agreement. The real questions here are whether or not the defendant, under the terms of the agreements properly holds the plaintiffs out of service with the railroad during the pendency of the investigation and whether it had the right to recess the investigation.

This is a typical dispute which is under the jurisdiction of the National Railroad Adjustment Board, and of which this court has no jurisdiction until after a referral by either or both parties to the Adjustment Board.

This court is of opinion that the decision in the case of Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S. Ct. 577, 94 L.Ed. 795 (1950), is controlling, and, in such disputes as this one, the jurisdiction of the National Railway Adjustment Board is exclusive. "The several decisions of this Court interpreting § 3 First [45 U.S.C. 153 First] have made it clear that this statutory grievance procedure is a mandatory, exclusive, and comprehensive system for resolving grievance disputes." Brotherhood of Locomotive Engr. v. Louisville & N. R. Co., 373 U.S. 33, 38, 83 S.Ct. 1059, 10 L. Ed.2d 172 (1962).

In Spires v. Southern Railway Co., 204 F.2d 453, 456 (1953), the Fourth Circuit has quoted with approval the following language from Stark v. New York C. & St. L. R. Co., 7 Cir., 180 F.2d 569, 573:

> "Congress having specifically conferred upon the Adjustment Board the authority to hear and determine

plaintiff's grievance, it is not in the absence of express language to be implied that it also intended to confer jurisdiction of the courts."

The just quoted reasoning from *Spires* is applicable here and is emphasized by the fact that plaintiffs have not elected to treat themselves as discharged and sued the railroad for wrongful discharge under the rule announced in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941). Since it is reinstatement, back pay and restoration of seniority which plaintiffs seek, their complaint should be dismissed.

The Supreme Court of Appeals of Virginia has construed the Railway Labor Act in a manner consistent with this opinion in Lee v. Virginian Railway Co., 197 Va. 291, 89 S.E.2d 28 (1955). In that case, construing the Federal statute, Virginia held that when an employee was held out of service, but was not discharged, " * * * his sole right is to pursue all administrative remedies provided under the contract and under the Railway Labor Act." 89 S.E.2d 28, 31. For cases annunciating the difference in procedure between a reinstatement proceeding and a prayer for a money judgment for wrongful discharge, see Roberts, et al. v. Lehigh and New England Railway Company, et al., 323 F.2d 219 (C.A. 3, 1963), and Kendal v. Pennsylvania R. Co., 94 F.Supp. 875 (D.C.Ohio, 1950).

The contention of the plaintiff Johnston that Rule 27(f) of his collective bargaining agreement, by contract, allows him to come into court, is without merit. Jurisdiction of the subject matter cannot be obtained by consent of the parties. E. I. DuPont de Nemours Co. v. Lyles and Lang Construction, 219 F.2d 328 (C.A. 4, 1955), Myers v. Mutual Benefit Health and Accident Association, 130 F.Supp. 653 (D.C.Va.1955). The plaintiff Johnston cannot by contract exclude himself from the provisions of the Railway Labor Act conferring exclusive jurisdiction upon the Adjustment Board.

An order is this date entered consistent with this opinion.