**W. P. JOHNSTON, Plaintiff,**

v.

**INTERSTATE RAILROAD, Defendant.**

**Civ. A. No. 71-C-122-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

July 20, 1972.

Carl E. McAfee, Norton, Va., for plaintiff.

James C. Roberson, Norton, Va., for defendant.

## OPINION

WIDENER, Chief Judge.

Plaintiff has instituted this action to review his being removed and held out of service by defendant. He also seeks to have reviewed the decision of the National Railroad Adjustment Board sustaining defendant's action in holding plaintiff out of service. The relief sought by plaintiff includes reinstatement with seniority and payment of $100,000.00 on a monthly rate from October 8, 1968, the date he was allegedly first wrongfully withheld from service.

Plaintiff contends that his employer's action in withholding him from service violates Rule 23 of a collective bargaining agreement entered into between his employer and the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees. Rule 23 of the agreement provides that no charge shall be made against an employee that involves any matter about which the carrier has had knowledge for thirty days or more. Plaintiff contends that Interstate Railroad had actual knowledge of the charge for which he is being held out of service for a period of thirty days or more prior to October 8, 1968. Johnston also contends that defendant's holding him out of service also violates a no-reprisal provision in a strike-settlement agreement, dated December 22, 1967, between Interstate Railroad and the Brotherhood of Locomotive Firemen and Enginemen.

Defendant, Interstate Railroad, has entered a plea to the jurisdiction of this court and has moved to dismiss the complaint. For the reasons which follow, defendant's motion to dismiss must be granted.

In support of its motion to dismiss, defendant has filed copies of the following documents: an opinion of this court, Johnston v. Interstate Railroad, 303 F. Supp. 138 (W.D.Va.1969), dismissing an action similar to the present action because the matter lay within the exclusive jurisdiction of the National Railway Adjustment Board; the National Railroad Board's decision rendered on April 29, 1971; an indictment returned against plaintiff on October 5, 1968 in this court; and certain court papers and orders entered in a resulting criminal proceeding against plaintiff. These documents show that on or about October 29, 1967, a Southern Railway bridge was dynamited and a Southern Railway train was derailed. Interstate Railroad is a wholly owned subsidiary of Southern Railway. The dynamiting occurred approximately five miles from Interstate's territory and at a time when there was a strike against Interstate. Although Johnston was not technically on strike, the strike not having been called by his

union, he was involved in it. By agreement dated December 22, 1967, the strike was settled. On October 5, 1968, a federal grand jury returned an indictment against Johnston and others, charging them with conspiring to derail, disable, and wreck a train being operated in interstate commerce by Southern Railway, with willfully derailing, disabling, and wrecking that train, and with aiding and abetting the derailing, disabling, and wrecking of that train. Subsequently, on August 3, 1970, the conspiracy count of the indictment was nolle prossed, and Johnston entered a plea of guilty to the remaining count of the indictment, which charged him with willfully derailing, disabling and wrecking the train, as well as with willfully aiding and abetting in the train's derailment. On October 8, 1968, upon receiving notice of the indictment, Interstate advised Johnston that the company would hold an investigation of the charges and that in the meantime Johnston would be held out of service. Subsequently, plaintiff instituted an action in this court to review Interstate's holding him out of service. This court held that the matter lay within the exclusive jurisdiction of the National Adjustment Board. Johnston v. Interstate Railroad, 303 F.Supp. 138 (W.D.Va.1969).

Johnston next presented his claims to the Board, claiming, among other things, that:

"Carrier had knowledge of the facts giving rise to the charge before the indictment and failed to charge Claimant within 30 days thereof; . . . Furthermore, the investigation should never have been commenced since the strike settlement agreement between Carrier and the Brotherhood of Locomotive, Firemen and Enginemen contained a no-reprisal agreement."

The Board ruled adversely to Johnston on all of his claims. It specifically held:

"When Carrier sent Claimant notice of the investigation on October 8, 1968 and then held the investigation of its charges against Claimant on Oc-

tober 10, 1968, it came well within the 30 day limitation required by Rule 23.

\*  \*  \*  \*  \*  \*

"Claimant cannot avail himself of the December 22, 1967 strike settlement agreement since the Organization of which he is a member, was not a party to that Agreement."

There are several possible constructions of Johnston's present complaint. Apparently, plaintiff seeks to have reviewed the company's action, without regard to the Board's decision, as well as the Board's decision. The complaint contains the following paragraph:

"This action is brought to review the removal and holding out of service of your undersigned plaintiff W. P. Johnston by the defendant Interstate Railroad and to further review the decision of the National Railroad Adjustment Board rendered by the said Board on April 29, 1971, which decision sustains the holding of your undersigned plaintiff out of service from October 8, 1968 up and until and through the present."

Although plaintiff alleges that he ". . . is and was an employee . . ." of Interstate and that Interstate ". . . is wrongfully holding your undersigned plaintiff out of service . . .," the complaint might be construed as an action for wrongful discharge. For, plaintiff does state in the above quoted paragraph that he seeks to have his "removal" reviewed. Additionally, as relief, he asks for, among other things, payment of $100,000.00 on a monthly rate since October 8, 1968, whereas, in his previous complaint filed in this court on July 10, 1969, prior to his presenting his claims to the Board, he sought payment of $685.14 on a monthly rate since October 8, 1968.

Construing plaintiff's complaint as an action for wrongful discharge, this court has no jurisdiction. Plaintiff has not presented any claim alleging wrongful discharge, as opposed to holding out of service, to the National Railroad Adjustment Board. In fact, in

the claim he presented to the Board, he sought relief because Interstate had not discharged him. Moore v. Illinois Central Railroad, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941) held that a wrongfully discharged railroad employee could elect to sue his employer for breach of contract under state law without having to pursue the remedies afforded under the Railway Labor Act, 45 U.S.C. § 153 First (i), for adjustment and arbitration of grievances. However, after this action was instituted, *Moore, supra* was expressly overruled in Andrews v. Louisville & Nashville Railroad, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). In *Andrews*, the court held that where the underlying claim involved a dispute over the interpretation of the collective bargaining agreement, as it does in this case, the employee must resort to the remedies provided under the Railway Labor Act.

■ If plaintiff's complaint requests review of defendant's action in holding plaintiff out of service, without regard to the National Railroad Adjustment Board's action, this court is without subject matter jurisdiction. *Andrews, supra; Johnston, supra*; Lee v. Virginian Railway Co., 197 Va. 291, 89 S.E.2d 28 (1955). See Slocum v. Delaware, etc., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950).

To the extent that plaintiff seeks review of the Board's decision, plaintiff has failed to allege any of the grounds for review as set out in 45 U.S.C. § 153 First (q):

"On such [judicial] review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order."

As the Supreme Court stated in *Andrews, supra,* 406 U.S. at 323–324, 92 S.Ct. at 1565:

"A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an ‘ independent judicial proceeding. Union Pacific Railroad Co. v. Price, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959). He is limited to the judicial review of the Board's proceedings that the Act itself provides. Gunther v. San Diego and A. E. Railway Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965)."

■ It should be noted that in his complaint, plaintiff does not assert jurisdiction under any section of the United States Code. Rather, he contends that this court has jurisdiction because of a provision in the collective bargaining agreement. Although he does not allude to any specific provision, presumably he has reference to Rule 27(F), which states:

"This agreement is not intended to deny the right of the employees to use any other lawful action for the settlement of claims or grievances provided such action is instituted within 9 months of the date of the decision of the highest designated officer of the Carrier."

Whether or not this is, in fact, the section to which plaintiff is referring and whether or not plaintiff comes within the nine-month limitation of that section is immaterial, for jurisdiction of the subject matter cannot be obtained by consent of the parties. E. I. DuPont De Nemours Co. v. Lyles & Lang Construction, 219 F.2d 328 (4th Cir.1955) cert. den. 349 U.S. 956, 75 S.Ct. 882, 99 L. Ed. 1280 (1954); Myers v. Mutual Benefit Health and Accident Association, 130 F.Supp. 653 (W.D. Va.1955).

Accordingly, the complaint must be dismissed.

So far as the complaint may be treated as a suit for wrongful discharge, this court is without jurisdiction, and the

dismissal is without prejudice for the plaintiff to file a claim for wrongful discharge before the Railroad Adjustment Board if he be so advised. So far as the complaint may be treated as a suit for holding out of service, the dismissal is without prejudice for want of jurisdiction of the subject matter because the plaintiff has not made sufficient allegations to show his right to jurisdictional review of the decision of the Adjustment Board. 45 U.S.C. § 153 First (q).

An order is this day entered consistent with this opinion.